JOHN BUTLER *vs.* CHARLES FRANK.

Bristol.    Oct. 28. — Nov. 28, 1879.    COLT & AMES, JJ., absent.

A. owed a debt to B. which B. had assigned to C.  D., who had attached the debt, agreed that the amount thereof might be paid by A. to C.  C., by mistake, demanded and received of A. part only of the debt, and A. thereupon paid the balance to D.  *Held,* that C. could not maintain an action of money had and received against D. for this balance.

GRAY, C. J.    Charles Frank brought an action against James Duggan as principal defendant and the city of Fall River as trustee, the record of which shows a recovery of judgment by Frank against Duggan for $40.75, but no proceedings with regard to the trustee or to any claimant.

In the statement of facts, upon which the present case has been submitted to us, it is agreed that at the trial of the trustee process John Butler came in as claimant under an assignment from Duggan, and his claim was allowed to the amount of $108.59; that the attorneys for him and for Frank agreed that the claimant need not obtain an execution, but might go to the trustee and get the money in its hands, which amounted to $91.88; that the attorney for the claimant, supposing that judgment had been given for him in the sum of $55 only, obtained that sum from the trustee, and gave the trustee a receipt therefor; and the trustee paid the balance of $36.88 in its hands to Frank, who afterwards on the same day, upon the claimant's attorney discovering and explaining to him the mistake and demanding this sum, refused to pay it.

This action is brought by the claimant to recover the money so paid to Frank by the trustee, as money had and received to the plaintiff's use.

We are of opinion that the action cannot be maintained. Although it is stated to have been agreed between the claimant and the plaintiff in the trustee process that the claimant need not obtain execution, it is quite clear that, even without any such agreement, the claimant could not have obtained judgment or execution against either of them, but that the only judgment that the court could have rendered, if satisfied that the plaintiff had made out his claim to the fund, would have been to dis-

charge the trustee. *Gifford* v. *Rockett*, 119 Mass. 71. The case then stands thus: The city of Fall River owed a debt to Duggan, which Duggan had assigned to Butler; Frank, who had attached that debt, agreed that the amount thereof might be paid by the debtor to the assignee of the debt; the assignee, by mistake, demanded and received of the debtor part only of the debt, and the debtor thereupon paid the rest to Frank. Frank may be liable to the original debtor for this sum, as for money had and received, on the ground that it has been paid to Frank under a mistake of fact. The debtor (if not discharged by reason of having made the payment in reliance on the receipt given by the assignee of the debt) would be liable for this sum as part of the original debt; but, not having promised to pay it to the assignee, and the debt not being negotiable, could not be sued at law, except in the name of the original creditor, Duggan. As the assignee could not maintain an action at law in his own name against the original debtor, there is still less reason for allowing him to maintain such an action against another person, to whom that debtor has paid the sum, who has never received it for him or undertaken to pay it to him, and who, if that payment by the debtor was made by mistake of fact, is himself liable to refund the money to him. In short, if Frank, the present defendant, is liable to any action for this sum, it must be brought in the name of the city of Fall River, or possibly of Duggan, and not in that of this plaintiff.

*Judgment for the defendant.*

*H. K. Braley & M. G. B. Swift*, for the plaintiff.
*C. Frank, pro se.*