# Reynolds *v.* Collins.

*Attachment against Foreign Corporation; Contest with Assignee as Claimant.*

1. *Defects available to garnishee, or to assignee as claimant.*—When the attachment is regular, and issued by a proper officer, defects in the garnishment, or in the service thereof, are waived by the garnishee, if he appears and answers without objection; and being thus waived by him, an assignee or claimant of the fund admitted to be in his hands, being brought in by notice, can not take advantage of such defects or irregularities.

2. *Answer of garnishee; admissibility as evidence against claimant.* Although the answer of the garnishee, admitting a fund in his hands belonging to the debtor, may not be necessary evidence on the trial of a contest with a claimant of the fund, yet its admission as evidence against him can not injure him.

3. *Proof of agency.*—As a general rule, the fact of agency can not be established by proof of the acts of the professed agent, in the absence of evidence tending to show the principal's knowledge of such acts, or assent to them; yet, where the acts are of such character, and so continuous, as to justify a reasonable inference that the principal had knowledge of them, and would not have permitted them if unauthorized, the acts themselves are competent evidence of the agency.

4. *Same; by corporation.*—Record or written evidence of the appointment of a bank cashier, or other agent of a corporation, is not required; it may be inferred from an adoption or ratification of his acts, as in the case of a natural person.

5. *Assignment for benefit of creditors; what passes by.*—An assignment for the benefit of creditors, conveying all of the debtor's "goods and chattels, bonds, notes, books, accounts, claims, demands, *choses* in action, judgments, evidences of debt, and property of every name and nature whatever," passes to the assignee money in the hands of the sheriff collected under execution.

6. *Same; proof of consideration.*—In a contest between an attaching creditor and the trustee in an assignment for the benefit of creditors, there being no proof of actual fraud in the execution of the assignment,

[Reynolds v. Collins.]

and the debt of the attaching creditor not then being in existence, the recitals of the assignment, as to the existence of debts, are sufficient to sustain it; but, if the debt of the attaching creditor was antecedent and existing, the existence of debts must be shown by the assignee by evidence other than the recitals of the assignment, and the existence of other debts than that of the attaching creditor must be proved.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. LEROY F. BOX.

This action was brought by John H. Collins, against the Bank of Rome, Georgia, a foreign corporation; was founded on a certificate of deposit for $873.58, signed by the defendant's cashier, which was dated March 16, 1880; and was commenced by original attachment, sued out before a justice of the peace, on the 6th July, 1881, on the ground of the defendant's non-residence. The writ of attachment was directed to the sheriff, but the justice of the peace indorsed on it an order requiring the constable of "beat No. 3" to execute and return it; the order reciting that plaintiff's attorney had made affidavit before the magistrate, "that there is danger of losing the debt for which this attachment is sued out, unless the process is executed by a constable, and that the amount of the debt does not exceed the amount of the constable's bond;" and the writ was executed by the constable, by summoning John S. Daniel as garnishee. The garnishee appeared at the return term of the writ, and filed an answer, admitting that he had in his hands, at the time the garnishment was served on him, the sum of $2,142.50, which he had collected under execution in favor of said defendant, the Bank of Rome, and further stated that the money was claimed by John H. Reynolds, as assignee of said bank. Thereupon, said Reynolds appeared, and an issue was formed between him and the attaching creditor; and on the trial of this issue a bill of exceptions was reserved by the claimant, which states the matters now assigned as error in this court.

The plaintiff offered in evidence the writ of attachment, with the several indorsements thereon, and the affidavits on which it was issued and served. "To the introduction of said writ as evidence, and said indorsements thereon, the claimant objected, because it is void in law as to the service, having been served on the sheriff by a constable, and because the amount sued for exceeds the constable's bond; which objections the court overruled, and permitted said writ and indorsements to be read to the jury; to which action of the court the claimant excepted." The plaintiff then offered in evidence the answer of the garnishee, and the claimant objected to its admission, "because the same is irrelevant and illegal, and because it recites the fact that a part of the sum in the hands of the gar-

[Reynolds v. Collins.]

nishee was claimed by plaintiff;" which objections the court overruled, and the claimant excepted. The plaintiff then offered in evidence his certificate of deposit, on which his action was founded, and which was signed by "*J. S. Pancher*, cashier;" but the court, on objection by the claimant, required preliminary proof of said Pancher's handwriting, and of the fact that he was the cashier of the defendant bank at the date of the certificate. The plaintiff then introduced two witnesses, each of whom testified that the signature to the certificate was in the handwriting of said Pancher; that he was at that time acting as the cashier of said bank, and that they had done business with him at the bank in that capacity. The claimant objected to each part of this evidence, on the ground that there was higher and better evidence of the appointment of a cashier, and because the fact of agency could not be proved by the acts of the person assuming to act as agent; and he duly excepted to the overruling of each of his objections, and to the admission of the certificate as evidence.

The claimant then introduced the deed of assignment to him, which was dated the 25th March, 1881, and, after reciting the indebtedness of the bank to sundry persons, and its inability to pay in full, conveyed all its property, of every kind, to said assignee for the benefit of its creditors; also, the judgment in favor of the bank under which the sheriff collected the money in his hands as garnishee, and the decision of the Supreme Court of Georgia in the case of *Seay v. Bank of Rome*, as reported in 66 Geo. 609-17, in which it was held that the State had a prior lien over other creditors on the assets of said bank. This evidence was admitted without objection, and the plaintiff then introduced, in rebuttal, the charter incorporating said Bank of Rome, which was approved March 2d, 1874, and which was admitted as evidence against the objection and exception of the claimant. "This being all the evidence," the court charged the jury, on the written request of the plaintiff, that they must find for him if they believed the evidence. The claimant excepted to this charge, and he now assigns it as error, with the other rulings to which he reserved exceptions.

T. L. BURNETT, and WATTS & SON, for appellant.

SAVAGE, MATTHEWS & DANIEL, *contra*.

CLOPTON, J.—It is insisted that the attachment is void, because the writ of garnishment, the service of which constitutes the levy, was served on the sheriff by a constable, instead of by the coroner. The writ of attachment is regular on its face, and was issued by an officer having jurisdiction, and the

[Reynolds v. Collins.]

statutory affidavit preliminary to its levy by a constable, was made. If it be conceded that the service is defective and irregular, the garnishee, by appearing and answering without objection, waived whatever defect or irregularity there may have been in the garnishment proceeding, or in the mode of service. The garnishment, being merely auxiliary and incidental to the suit by attachment, is not involved in the issue between the garnisheeing creditor and the claimant; and he can not avail himself of, or inquire into any mere defects or irregularities in the original proceedings.— *Winslow v. Bracken*, 57 Ala. 368; *Betancourt v. Eberlin*, 71 Ala. 461.

There was no error in allowing the answer of the garnishee to be read in evidence. Though it may not have served to elucidate the issue being tried, it disclosed the fund in controversy, which was the subject-matter of the trial, and the basis of the contest. It does not appear from the answer that the plaintiff asserted any claims to the money in the hands of the sheriff, other than under the lien created by the levy of the attachment. While its introduction as evidence may not have been necessary, and the court would have referred to it in entering judgment, whether of discharge or of condemnation, we can not see that it could have worked any injury to the claimant.

It is a general rule, that agency can not be established by proof of the mere acts of the professed agent, in the absence of any evidence tending to show the principal's knowledge of, or assent to such acts; but, if they are of such nature, and so continuous, as to justify a reasonable inference that the principal knew of them, and would not have permitted them if unauthorized, the acts are competent evidence of agency, to be submitted to the jury.—*Bradford v. Barclay*, 39 Ala. 33; *Gimon v. Terrell*, 38 Ala. 208. The acts of Pancher as cashier, done openly and continuously at the bank's principal place of business, fall within the rule. The evidence of them was properly admitted, and, if believed by the jury, is sufficient, in the absence of countervailing proof, to charge the principal with knowledge and assent, and to show his authority as cashier to issue the certificate of deposit. His signature was proved. Record or written evidence of his election or appointment by the directory, or the corporation, is not required. The same presumptions of ratification or adoption exist in the case of a corporation, as of a natural person.—*Bates v. Bank of Ala.*, 2 Ala. 452; *A. & T. R. R. R. Co. v. Kidd*, 29 Ala. 221; *Ala. G. So. R. R. Co. v. Hill*, 76 Ala. 303.

On the appearance of the claimant, in obedience to the notice issued to him, he is required to propound his claim in writing, under oath, on which the garnisheeing creditor must

7

take issue.   The claimant claims title to the money in contro-
versy under an assignment from the debtor, the Bank of Rome,
the validity of which he affirms, and the burden of establish-
ing it rests on him.—*Clark & Coleman v. Few*, 62 Ala. 243.
The assignment is for the benefit of the creditors of the bank,
with such preference as is, or may be allowed by law, and is
general, conveying all its property, real and personal, including
"all the goods and chattels, bonds, notes, books, accounts,
claims, demands, *choses* in action, judgments, evidences of debt,
and property of every name and nature whatever."   The terms
are comprehensive enough to embrace the indebtedness in-
volved in the issue.   The assignment was executed March 25,
1881, and the garnishment was served July 6, 1881.

The assignment, though general, like every other conveyance
or transfer, must be founded on a valuable consideration, to
impart to it validity against existing creditors.   The existence
of debts is a sufficient consideration for this purpose.   In a
contest between the attaching creditor and the assignee of the
debtor, the answer of the garnishee admitting indebtedness,
the assignee stands in the condition of a claimant in a trial of
the right of property, after the plaintiff in execution has intro-
duced evidence showing that the property once belonged to
the execution debtor.   It is incumbent on him to show that
his right to the attached fund is superior to the lien of the at-
taching creditor.   In the absence of evidence of the creditor's
debt being antecedent to the making of the assignment, and in
the absence of evidence of actual fraud, the assignee's superi-
ority of right is shown by proof of its legal and authorized ex-
ecution, ante-dating the levy of the attachment.   In such case,
the recitals of the assignment are evidence, *prima facie*, of a
sufficient consideration.   And even if it were voluntary, it has
the same force and effect between the parties, and is operative
against strangers who have no interest, and no right to impeach
its validity, as if supported by a valuable consideration.

The plaintiff, however, established the existence of his debt,
prior to the execution of the assignment.   A general assign-
ment for the equal benefit of all the creditors of the assignor
is favored in law, as effecting the *desideratum* of equality
among creditors.   But a general assignment may be fraudulent
and collusive.   A valid and *bona fide* assignment only can avail
to defeat the rights of the attaching creditor.   When the plain-
tiff proved that he was an antecedent and existing creditor at
the time of the making of the assignment, its consideration be-
came an essential element of its validity as against him, and in-
dispensable to a right or title superior to his lien acquired by
process of law.   The *onus* was cast on the claimant to show,
not only authorized execution, but also that it was founded on

[Whitfield v. Riddle.]

a valuable consideration—the existence of real debts due by the bank.—*Simerson v. Br. Bank,* 12 Ala. 205 ; *Maher v. Brown,* 2 La. 492.

The debt of the plaintiff, on which the attachment issued, being a precedent debt, the recitals of the assignment, as to the consideration and the existence of debts, are not evidence thereof ; they must be proved by other evidence. The only debt against the bank, of which there was any evidence, is the demand of the plaintiff: and it is insisted that this is a sufficient consideration to sustain the assignment. The assignment having been voluntarily executed by the debtor, the plaintiff had the right of election to accept its provisions, or to assert his rights independently.—*Hatchett v. Blanton,* 72 Ala. 423. By resorting to legal process to enforce the collection of his claim out of the assets of the bank, he elected to assert his rights independent of the assignment ; and if his be the only debt, the consideration of the assignment fails, and it can not be used to defeat the independent assertion of his rights ; for such use, if successful, would be tantamount to a compulsory acceptance of its provisions.

There is no question, that debts due by the debtor constitute a valuable consideration for an assignment of all his property for the benefit of his creditors ; but, as the right of the claimant depended wholly and exclusively on the validity of the assignment, and as no evidence was introduced or offered tending to show any debt other than the plaintiff's, the court was authorized, on the evidence, to give the affirmative charge in favor of the plaintiff.

We discover no error in the record, and the judgment is affirmed.