## WILLIAM WALTON, ASSIGNEE,

### v.

## DETROIT COPPER & BRASS ROLLING MILLS.

*Voluntary Assignment—In Foreign State—Attachment—Garnishment —Interpleader.*

1. Non-resident debtors may execute voluntary assignments as they may see fit, so long as creditors in this State are not injuriously affected thereby.

2. This court holds as erroneous the action of the trial court in sustaining the demurrer of a non-resident attaching creditor, to the interpleader of the assignee of a non-resident debtor, setting forth his appointment and knowledge thereof by such creditor before the institution of the attachment proceedings, and decides that the interpleader was valid, that judgment should have been rendered in favor of said assignee for the costs, and that the various garnishees served, should have been discharged.

[Opinion filed October 23, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ALFRED D. EDDY, for plaintiff in error.

The vital question in this case is whether a voluntary assignment of personal property for the benefit of creditors, made out of this State, will be sustained as against an attaching creditor from a foreign State, having notice of such assignment, attaching effects of a debtor in this State, there being no domestic creditors of the assignor. An exactly parallel case to this at bar is that of May v. First National Bank, 122 Illinois, page 551; the facts in that case were that the First National Bank of Attelborough, Massachusetts, attached property situated in this State belonging to the firm of Halsted, Haines & Company, of the State of New York, who had, previous to the attachment proceeding, made a general assignment to one Louis May. The court say: "The further inquiry for us in this case is whether such an assignment is valid as against creditors who do not reside in this State or

that of the assignor.   *   *   *.  The assignment in question is a voluntary conveyance made in form pursuant to our statute for the conveyance of real estate; it should then be held valid, unless it was made in contravention of some law or policy of the State."

In a later case, that of Woodward v. Brooks, 128 Ill. 222, in a decision *per curiam* the court say : " The principal question discussed by counsel relates to the effect a voluntary assignment of all his property by a foreign debtor for the benefit of his creditors will have on his property having a *situs* in this State.   *   *   *   In the absence of claims of domestic creditors, the assignee, under a valid foreign assignment, may reduce to his possession the property an l collect the debts assigned to him within the State; and debtors here owing the assignor and having no set-off, will be compelled to pay the assignee;" and in the same case, the court, citing May v. First National Bank, above referred to, say :  " In May v. First National Bank, we held that the assignment made in another State by a non-resident there, executed in conformity with our laws in respect to the conveyance of property, but inconsistent in substantial respects with our statute relating to assignments, will not be enforced here to the detriment of our citizens, but for all other purposes, and between citizens of the State where the assignment was made, if valid by the *lex loci*, it will be carried into effect by the courts of this State. That case is decisive of the one at bar."

The Supreme Court of New Jersey decided in a case where the assignment was made in the State of New York, the assignor and assignee residing in the same State, while the attaching creditors were residents, respectively, of the States of Rhode Island, New York and New Hampshire, that a voluntary assignment made by a non-resident debtor, which is valid by the law of the place where made, can not be impeached in New Jersey with regard to property situated there in behalf of non-resident creditors, that being the rule as well with respect to realty as to chattels situate in that State, providing the form of assignment is such as is required by the land regulations of New Jersey.   Bently v. Whitte-

more, 19 New Jersey, 462; and in Sanderson v. Bradford, 10 New Hamp. 260, the Supreme Court decided that "a voluntary assignment for the benefit of all the creditors of the assignor, is valid to pass to the assignee an equitable interest in debts due in New Hampshire, and his rights will be sustained as against foreign attaching creditors of the assignor."

The doctrine, as set forth above, appears to be the law in States other than Illinois, New Jersey and New Hampshire. May v. Wannemacher, 111 Mass. 202; Martin v. Potter, 11 Gray, 37; Richardson v. Forepaugh, 7 Gray, 546; Thurston v. Rosenfield, 42 Mo. 474; Chaffee v. Fourth National Bank, 71 Me. 514.

Proceeding still further, the courts of some of the States have held that if not in conflict with their own laws, a voluntary assignment for the benefit of all the creditors of the assignor, made in a foreign State, will pass to the assignee the title to personal property, even as against subsequent attaching domestic creditors of the assignor. Asken v. La Cygne Bank, 83 Mo. 366; Miller v. Kernaghan et al., 56 Ga. 155; Princeton Manufacturing Co. v. White, 68 Ga. 96; Walters & Walker v. Whitlock, 9 Fla. 86; Bank of the Valley v. Gettinger, 3 W. Va. 309; Gregg v. Sloan et al., 76 Va. 497; Means et al. v. Hapgood et al., 19 Pick. 105; May v. Wannemacher, 111 Mass. 202; Law v. Mills, 18 Pa. State, 185; Speed v. May, 17 Pa. State, 91; Handford v. Paine et al., 32 Vermont, 442; Ockerman et al. v. Cross et al., 40 Barb. 465 and 54 N. Y. 29; Johnson v. Sharp, 31 Ohio State, 619.

It would appear to be the general rule that transfers of personal property are regulated by the laws of the domicile of the owner, and that a voluntary assignment valid as to the laws of the State where the owner resides, will operate to transfer property wherever it may be situated. Kelley v. Crapo, 45 N. Y. 86; Guillander v. Howell, 35 N. Y. 657; Rhode Island Central Bank v. Danforth, 14 Gray, 123; Sanders v. Williams, 5 New Hamp. 214; Burrill on Assignments, Sec. 310.

Messrs. McCLELLAN & CUMMINS for defendant in error.

MORAN, P. J.   Defendant in error sued out an attachment against The Cleveland Non-Explosive Lamp Company on September 12, 1884, in the Circuit Court of Cook County, which said attachment writ was served on various firms resident in the city of Chicago, as garnishees.

The respective garnishees answered in course, admitting various sums in their hands, respectively, due to said Lamp Company.

Before any judgment was taken against the principal defendant or the garnishees, an interpleader was filed by plaintiff in error, in which he set forth that said Cleveland Non-Explosive Lamp Company had executed and delivered to him on the 1st day of September, A. D. 1884, a voluntary assignment of all its property and assets of every kind, for the benefit of each and all its creditors; that plaintiff in error had on the same day accepted the trust, and had qualified as such assignee in accordance with the requirements of the statutes of Ohio, of which State said Non-Explosive Lamp Company and plaintiff in error were residents; that defendant in error, the Detroit Copper & Brass Rolling Mills, was a corporation, organized under the law of the State of Michigan, and a resident of that State and not of the State of Illinois; that by virtue of said deed of assignment plaintiff in error became vested with all the estate of said Cleveland Non-Explosive Lamp Company, and that the money due from the garnishees in this cause is due and owing to him as such assignee, and that all the money, goods and effects belonging to said Lamp Company became vested in him as such assignee as of the 1st day of September, A. D. 1884; that the plaintiff, the Detroit Copper & Brass Rolling Mills, and also the said garnishees, had notice of said assignment prior to the time when said writ of attachment was issued, etc.; prays for judgment against the garnishees in favor of said William Walton, assignee.   The interpleader is sworn to, and has a copy of the deed of assignment attached, which is in regular form and duly executed.

A demurrer was filed by defendant in error to this interpleader, which was sustained by the court and the interpleader

dismissed, and a judgment was entered against the garnishees and in favor of the said Cleveland Non-Explosive Lamp Company for the use of defendant in error.

The allegations of the interpleader, which on the record as it stands are to be taken as true, show the case to be, in the question of law which it presents, identical with those of May v. The First National Bank, 122 Ill. 551, and Woodward v. Brooks, 128 Ill. 222.

The decisions in those cases are therefore decisive of the points presented by the action of the court below, and show that in sustaining the demurrer to the interpleader and rendering judgment in favor of the attachment plaintiff, error was committed. The interpleader was valid, and the demurrer should have been overruled and judgment rendered in favor of plaintiff in error and against defendant in error for the costs, and the various garnishees should be discharged. Carpenter v. McClure, 37 Vt. 127.

For such error the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*