# Merrill & Bridges v. Vaughan.

### *Statutory Trial of the Right of Property.*

1. *Interposition of claim in garnishment suit; claimant can not take advantage of defects in original suit to defeat garnishing creditors.*—The issue arising between a garnishing creditor and one propounding a claim to the funds in the hands of the garnishee sought to be subjected is collateral, merely, to the proceedings in the garnishment and original suits against the debtor; and the claimant can not avail himself of irregularities occurring in those suits to defeat the rights of the garnishing creditor.

2. *Claim suit; when irregularities in original suit unavailable to claimant.*—When a writ of garnishment is regular on its face and issued by the proper officer, irregularities in the issuance of the garnishment and in the service thereof are waived by

[Merrill & Bridges v. Vaughan.]

the garnishee, if he appears and answers without objection; and being thus waived by the garnishee, the claimant of the fund admitted to be in the garnishee's hands, being brought into court by notice and propounding his claim thereto, can not take advantage of such defects or irregularities.

3. *Garnishment suit; issuance of garnishment before pleadings filed does not render the writ void.*—The fact that an ancillary writ of garnishment was issued before the complaint in the original suit was filed, or the summons issued, does not render the writ of garnishment void, when the summons was issued and the complaint was filed on the same day as the writ was issued; courts in such cases taking no account of fractions of a day.

APPEAL from the County Court of Cleburne.

Tried before the Hon. T. J. BURTON.

This was a statutory trial of the right of property, which arose in the following manner: Amos Vaughan brought a suit on a stated account against Ed. Greenwood before a justice of the peace. In connection with said suit, an ancillary writ of garnishment was issued by the justice of the peace and was served upon the Southern Railway Company. The Southern Railway Company answered in writing that it was indebted to the defendant, Greenwood, in a certain amount, and suggested that Merrill & Bridges claimed title to the money admitted to be due the defendant; and thereupon issue was made up between the plaintiff and Merrill & Bridges as to the right to the money due from the Southern Railway Company to the defendant.

On the trial of this issue, it was shown that the justice of the peace, before whom the cause was tried, issued the writ of garnishment between 9 and 10 o'clock in the forenoon of July 2, 1897; that at the time of issuing the writ of garnishment, no summons and no complaint had been filed in the main case; that the attorney in the case came to the justice of the peace between 9 and 10 o'clock, while the latter was trying a case, and stating to him that the summons and complaint had been written out and was in his office, handed him the affidavit and bond as preliminary for the issuance of the writ of garnishment, and also the writ itself; that thereupon the writ of garnishment was issued, and the summons and complaint in the case were not filed until between

[Merrill & Bridges v. Vaughan.]

12 and 1 o'clock. The endorsement on the writ of garnishment, as made by the sheriff, recited that the writ was executed on July 2, at 9:30 o'clock A. M. The claimants moved the court to exclude the writ of garnishment from the evidence in the case, upon the following ground: The writ of garnishment is void, because it was issued before the summons was issued, and because the justice had no authority to issue the writ, inasmuch as no suit was then pending between the plaintiff and the defendant, and because the said writ was not issued in aid of a pending suit. The court overruled this motion, and the claimants duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment in favor of the plaintiff. To the rendition of this judgment the claimants duly excepted. The claimants appeal, and assign as error the refusal of the court to exclude the writ of garnishment as evidence in the case, and the rendering of judgment in favor of the plaintiff.

MERRILL & BRIDGES, for appellants.—In this kind of proceeding, garnishment may issue only in aid of a pending suit.—Code of 1886, §2968, note. Garnishment proceedings being ancillary, the court must have jurisdiction of the main action or it can have no jurisdiction to entertain garnishment proceedings.—9 Encyc. of Pleading & Practice, 810, and authorities there cited. A claimant may take advantage of any defect showing the proceedings to be void.—*Winslow v. Bracken*, 57 Ala. 368; *Clark v. Few*, 62 Ala. 243; *Jackson v. Bain*, 74 Ala. 328.

No counsel marked as appearing for appellee.

HARALSON, J.—1. Although it does not expressly so appear, we must presume that a proper claim, as required by statute, was made by the claimants to the fund in the garnishee's hands, and a proper issue was formed under the direction of the court between them and the plaintiff for the determination of the right of claimants to the fund admitted by the garnishee to be in its hands.—Code of 1886, §2985; *Winslow v. Bracken*, 57 Ala. 370; *Reynolds v. Collins*, 78 Ala. 94. This issue

is collateral to the suit against the debtor and the suit by garnishment. A claimant is only collaterally interested in questions that may be raised and tried between the plaintiff and the defendant and between him and the garnishee, and is never admitted as a party, in their respective contentions. The claim suit does not involve an inquiry into the regularity of either of those suits, and the issue in such a case is provided, for the summary determination of the right of the claimant as against the plaintiff or garnishing creditor.—*Winslow v. Bracken, supra.*

2. If it be admitted that the issuance of the writ of garnishment by the justice before the summons and complaint were actually placed in his hands, was a defect or irregularity such as, between the plaintiff and the garnishee, might have avoided the writ, on the motion of the latter, properly and seasonably made, yet, it was one which the garnishee, by appearing and answering without objection, waived. Such a defect, available to the garnishee, was not involved in the issue between the plaintiff, or garnishing creditor, and the claimants, and they cannot avail themselves of, or be permitted to inquire into, any mere defects or irregularities in the original proceedings.—*Reynolds v. Collins,* 78 Ala. 94; *Betancourt v. Eberlin,* 71 Ala. 462; *Clark v. Few,* 62 Ala. 243; 2 Brick. Dig. 480, §§71, 72. Neither the writ of garnishment, nor any proceeding in the suit against the defendant or garnishee were void, but were regular, on their face. In cases of this character, courts take no account of fractions of a day.

The court below committed no error in refusing claimants' motion to exclude the garnishment.

Affirmed.