# Georgia & Alabama Railway *v.* Stollenwerck.

### *Garnishment Proceeding.*

1. *Railroad; effect of incorporation in two different states.*—Where a railroad company is incorporated both in Alabama and Georgia, it has a residence in each of the States, and if sued in either of the States, can not plead its non-residence.

2. *Same; subject to garnishment.*—When a railroad is operating its line in this State, it is subject to garnishment, though the debt due to the defendant may have been created in another State, and he may be, at the time of the service of the garnishment, a non-resident of this State.

3. *Garnishment; when non-resident not entitled to notice of garnishment or judgment.*—The provision of the statute authorizing the issuance of a process of garnishment on a judgment, which requires that notice shall be given to the defendant before the rendition of judgment against the garnishee, (Code of 1896, § 2176), does not apply to a defendant who is a non-resident; since the only object of notice is to give the defendant a right to claim his exemptions, which right is not bestowed upon a non-resident.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

The appellee, Estelle Stollenwerck, on September 7, 1896, recovered a judgment in the city court of Birmingham against E. A. Smith, for $545.90 and costs. On March 24, 1897, the plaintiff in said judgment sued out a writ of garnishment against the appellant, the Georgia & Alabama Railway. On March 30, 1897, the writ of garnishment was served upon said garnishee. On April 24, 1897, the garnishee filed its written answer, and thereafter on February 12, 1898, on motion of the plaintiff, the garnishee was required to appear and answer orally in open court. There was no notice of this hearing of the answer of the garnishee in open court issued or served upon the defendant in the judgment. The following facts were disclosed by the answers of the garnishee: The Georgia and Alabama Railway was a body corporate, incorporated under the laws of Georgia on August 15th, 1895, and subsequently during the same month incorporated under the laws of Alabama. E. A. Smith, the defendant in the original suit was employed by the garnishee as soliciting freight agent, and at the time of the service of the garnishment, and for some time prior thereto, he had his headquarters at Evansville, Ind., and was a non-resident of the State of Alabama. When the writ of garnishment was served, the garnishee owed Smith his salary for the month of March, 1897. Smith continued in the service of the garnishee up to March 15, 1898. Under the contract existing between the garnishee and Smith they were to pay his travelling expenses; the arrangement being that Smith was to pay them currently, and at the end of the month he would be reimbursed therefor. After the service of the writ of garnishment, the garnishee reimbursed Smith for his travelling expenses during the months of March and April to the extent of $85. From the time of the service of the writ of garnishment to the time Smith left the service of the garnishee, there was a balance due Smith from the garnishee for salary of $250.50. The garnishee moved the court to dismiss it on its answer. The court overruled this motion, and the

garnishee duly excepted. The garnishee then suggested to the court that the defendant, E. A. Smith, had never been notified or served with any notice of garnishment in this suit; and thereupon moved the court to dismiss said suit against the garnishee on these grounds. The court overruled the motion and the garnishee duly excepted.

The plaintiff then moved the court to render judgment against the garnishee in her favor for the amount the garnishee admitted it owed Smith and for the amount which was paid to Smith to reimburse him for traveling expenses after the service of the writ of garnishment. This motion was granted, and the court rendered judgment accordingly for $350.50. To the rendition of this judgment the garnishee duly excepted, and also excepted to the court's rendering judgment against it for the amount due Smith for salary and for the amount paid Smith to reimburse him for travelling expenses during the months of March and April, respectively. The garnishee appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN D. and C. H. ROQUEMORE, for appellant.—Section 2971 of the Code of 1886 provides that process of garnishment may issue on a judgment on which execution can issue. Said section does not provide or specify for any notice to the defendant in a garnishment on such a judgment. This section taken alone is unconstitutional, because it allows the property of a man to be condemned without his having notice of the proceeding or having any opportunity to interpose a defense therein; but a garnishment is a species of attachment, and the garnishee contends that section 2936 of the Code of 1886 amply provides for a notice to a non-resident defendant; and it was the duty of the plaintiff to have the defendant Smith before the court before any proceeding could be had which would be binding on him or his property.— *Betancourt v. Eberlin,* 71 Ala. 467; *Wilburn v. McCalley,* 63 Ala. 443; *Mead v. Larkin,* 66 Ala. 87; *Zeigler v. Railway Co.,* 58 Ala. 594; 8 Amer. & Eng. Encyc. of Law, 1126.

The court had no jurisdiction to condemn the

money the garnishee owed the defendant Smith, because Smith at the time of the service of the garnishment and at the time of the answer, was a non-resident of the State of Alabama; and the contract under which the garnishee owed the money was entered into outside of the State of Alabama. The defendant, Smith, earned the money outside of the State of Alabama; the money was payable to him out-side of the State of Alabama; and the money itself which the garnishee owed Smith, was held by the garnishee out-side of the State of Alabama. The court in a garnish-ment proceedings must have jurisdiction of the gar-nishee, and of the defendant and of the property at-tached.—8 Amer. & Eng. Encyc. of Law, pp. 1126, 1129, 1147, 1150; 1156, 1160, 1255; *A. G. S. Railroad Co. v. Chumley*, 92 Ala. 317; *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524; *E. T., V. & G. R. R. Co. v. Kennedy*, 83 Ala. 462; *Pennoyer v. Neff*, 95 U. S. 714.

GEORGE HUDDLESTON and W. T. HILL, *contra.*—A cor-poration chartered by two States is a single corporation and will be held in each of the States to be domiciled in that State.—*Cen. R. R. & B. Co. v. Carr*, 76 Ala. 388; *Garngers Life &c. Co. v. Kamper*, 73 Ala. 325; Morawetz on Corporations, § 991 *et seq.; M. & C. R. R. Co. v. Ala-bama*, 107 U. S. 581; Thompson on Corporations, § 7890 *et seq.*

A debt owing by a corporation chartered under the laws of Alabama may be subjected by process of garnish-ment, although the same was created in another State, and the defendant is a non-resident.—*E. T., V. & G. R. R. Co. v. Kennedy*, 83 Ala. 462; *A. G. S. R. R. Co. v. Chumley*, 92 Ala. 317; *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524; 32 Amer. Law Review, 34.

The contract for the employment of Smith by gar-nishee was made in Alabama, and may be sued on in this State.—*Cen. R. R. & B. Co. v. Carr*, 76 Ala. 388; 3 Amer. & Eng. Encyc. of Law 856, and cases cited.

TYSON, J.—1. The proof shows that the appellant company, the garnishee below, was incorporated in the

State of Georgia on the 15th August, 1895, and was subsequently, in the same month, incorporated in the State of Alabama. It had, therefore, legal existence or residence in each of these States for the purposes of operating its line and transacting its corporate business. For such purposes, the corporation was a legal unit, and when sued in either State, it could not plead its non-residence in the other.—*Central R. R. & B. Co. v. Carr,* 76 Ala. 388; *M. & C. R. R. Co. v. Alabama,* 107 U. S. 581; 2 Mor. on Corp., § 991.

2. The appellant company having been chartered by, and operating its line and transacting its business within this State, was subject to the process of garnishment in this suit, although the debt due the defendant may have been created in another State, and he may have been a non-resident of this State, at the date of the service of the garnishment writ. The *situs* of a debt, in the absence of stipulation to the contrary, is the domicil of the creditor.—*E. T., V. & G. R. R. Co. v. Kennedy,* 83 Ala. 462; *A. G. S. R. R. Co. v. Chumley,* 92 Ala. 317; *L. & N. R. R. Co. v. Dooley,* 78 Ala. 524.

3. The writ of garnishment was executed on the garnishee, on the 30th of March, 1897. It was sued out in aid of the collection of a judgment theretofore rendered in favor of the appellee, against the defendant, E. A. Smith, in the city court of Birmingham, on the 7th day of September, 1896, for five hundred and fifty-five 90-100 dollars, debt and damages, and seven 30-100 dollars costs therein. At that time, by section 2971 of the Code of 1886, it was provided, that "Process of garnishment may issue on a judgment or decree on which execution can issue, without bond or security, and may be sued out by the assignee of such judgment or decree." It is to be observed, that in such case, no notice was required by statute to be given to the defendant in the judgment or decree, and the garnishment suit proceeded without notice. That section as carried into the Code of 1896, as section 2176 therein, was so amended as to require notice to defendant in the judgment of at least five days before judgment against the garnishee. In cases of attachments it was provided, that they might be levied on real estate or

on personal property of the defendant in attachment, or executed by summoning any person indebted to the defendant to answer as garnishee.—Code, 1886, § 2945, (Code, 1896, § 540). And notice was then, as is now, required to be given by personal service, if the defendant was resident, or by publication if non-resident.—Code, 1886, § § 2936, 2937, (Code, 1896, § § 531, 532). It may be added, as to garnishments in aid of a pending suit, in which judgment was sought against the debtor, that prior to December 9, 1886, no notice was required by statute to the defendant of the issuance of the garnishment process. On that date, by act of the General Assembly, amending section 3219 of the Code of 1876, it was provided that notice of the garnishment should issue to the defendant, which notice was required to be served at least ten days before judgment against garnishee. See Code, 1886, p. 652, n.

It is familiar, that the object of the garnishment is to enable a creditor to appropriate to the satisfaction of the debt due him, the property of the debtor in the hands of the garnishee, or a debt owing by the garnishee to the debtor. It operates as a levy upon the property or debt in his hands, as a seizure by the officer does upon property in the possession of defendant. The service of the process upon the garnishee arrests the debt or property in his hands belonging to defendant, and gives the court jurisdiction to condemn it to the payment of plaintiff's demand. The garnishee is in the attitude of a mere stake-holder, supposed to be indifferent between the plaintiff and defendant; and the judgment condemning the debt owing by him to defendant is conclusive as between him and defendant, to the extent of the judgment, unless the defendant prosecutes an appeal from such judgment, which he may do in his own name.—3 Brick. Dig. 524, § § 1, 7; Code, 1896, § 2185 (2993) ; *Merrill & Bridges v. Vaughan*, 118 Ala. 438; *Montoymery Gas L. Co. v. Merrick*, 61 Ala. 534; 8 Am. & Eng. Encyc. of Law, 1118.

It is provided by statute that when money, choses in action, or personal property are garnished, the defendant may claim the same as exempt in the manner pre-

scribed.—Code, 1896, § § 2041 (2515), 2047 (2521), 2059 (2533). It would seem, therefore, that in any garnishment proceeding, the real debtor, the defendant in the main suit, should have notice thereof, in order to avail himself of the right to interpose his claim of exemption. But, this right is bestowed on residents of this State, and not upon non-residents. The latter class can set up no claim of exemptions under the constitution and laws of this State, which have reference to and are for the benefit of residents only. The defendant in this proceeding, as shown, was at the time of the service of the garnishment process, a resident of the State of Indiana. We know of no other right save that of claiming his exemption, of which he could be deprived from lack of notice of the garnishment. The judgment, so far as appears, was duly and legally rendered against him by a court of competent jurisdiction, and it stands unreversed and unsatisfied. If the debt he owes plaintiff is satisfied in whole or in part by the garnishment process, the money so appropriated by the order of the court, is an appropriation in his own interest, and is done by due process of law.

The foregoing covers all the points insisted on by counsel for appellant in their brief and argument. Other assignments of error will be treated as waived.

Affirmed.