# Norwood & Co. *v.* Voorhees, Miller & Co.

*Garnishment Proceeding; Statutory Interposition of Claim.*

1. *Interposition of claim in garnishment suit; what issue presented thereby.*—The issue arising between a garnishing creditor and one propounding a claim to a fund in the hands of the garnishee, sought to be subjected, is, whether the claimant by transfer or otherwise has a right to the funds superior to the right of the garnishing creditor derived from the process.

2. *Same; transfer of claim; when claimant entitled to judgment.* When on the trial of an issue between a garnishing creditor and one propounding a claim to the funds in the hands of the garnishee sought to be subjected, the latter claims by transfer from a transferee, and he proves both transfers and shows that the first transfer was made prior to the service of the garnishment for a valuable consideration, he thereby established his superior claim and is entitled to judgment.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. J. W. FOSTER.

On December 28, 1897, the appellees, Voorhees, Miller & Co., sued out an attachment in the circuit court of Butler against one Dayton Plaster. This attachment was executed by serving a sheriff's garnishment upon several persons, among whom was one J. W. Phillips. The garnishee, J. W. Phillips, answered, admitting that he had been indebted to the defendant Plaster, but that his indebtedness had been assigned and was now owned

by Norwood & Co., and, therefore, suggested Norwood & Co. as being the claimant of said indebtedness. Thereupon Norwood & Co. propounded their claim in the pending suit to the Phillips' indebtedness, which was evidenced by a note by Phillips to Plaster. Upon this claim the plaintiffs took issue.

On the trial of the case the following facts were shown: On the 26th day of January, 1897, Dayton Plaster executed his several notes, aggregating $9,619.52 to Griel Bros. Co., and to secure the same transferred a lot of papers payable to him, including a note from J. W. Phillips for $700. Plaster's notes to Griel Bros. Co. were made payable in the fall and winter of 1897, and after their maturity Griel Bros. Co. sued out an attachment against him, had his stock of goods levied upon and sold under the attachment, and pending the suit sold the claim to Norwood & Co. for $3,000 cash, agreeing to transfer to them whatever judgment might be recovered against Plaster, after crediting him with sales under the attachment. The claim against Plaster was reduced to judgment, and while it was not transferred in writing to Norwood & Co., the evidence shows that Griel Bros. Co. admitted that it belonged to Norwood & Co. The written transfer of the collaterals, including the Phillips' note, by Plaster to Griel Bros. Co. and the written transfer of said collaterals by Griel Bros. Co. to Norwood & Co. were introduced in evidence by the claimants without objection. The plaintiffs' attachment against Plaster was subsequent to the attachment of Griel Bros. Co. The evidence further shows that at the time of the trial, more than a year after the transfer of the Phillips' note to Norwood & Co., the judgment recovered of Plaster by Griel Bros. Co. had not been fully paid. The other facts in the case are sufficiently shown in the opinion.

Upon the introduction of all the evidence the court, at the request of the plaintiffs, gave several written charges to the jury, to the giving of each of which the claimants separately excepted.

The claimants requested the court to give the general affirmative charge in their behalf, and duly excepted to the court's refusal to give the said charge as asked.

There were verdict and judgment for the plaintiff. The claimants appeal, and assign as error the several

rulings of the trial court to which exceptions were re-served.

LANE & CRENSHAW and C. P. McINTYRE, for appellants.—In a contest between a transferee and a garnishing creditor the only burden upon the claimant is to show the validity of the transfer and that it was for valuable consideration.—*Winslow v. Bracken*, 57 Ala. 372; *Camp v. Hatter*, 11 Ala. 151; *Scott v. Stallworth*, 12 Ala. 25.

The general affirmative charge should have been given for the claimants.—*Hatchett v. Moulton*, 76 Ala. 311, and authorities *supra*.

D. M. POWELL, *contra*.—Under the facts in this case, the claim of the claimants was subordinate to that of the garnishing creditors, and the plaintiffs were entitled to judgment.—*Scott v. Stallworth*, 12 Ala. 25; *Winslow v. Bracken*, 57 Ala. 368; *Clark v. Few*, 62 Ala. 245; *Schall v. Weil*, 103 Ala. 414.

HARALSON, J.—1. There are, as between parties, three issues to be tried in a case of this character in three separate suits or proceedings,—the first, between the plaintiff in attachment against the defendant, in which the issue is, whether the defendant is indebted to the plaintiff or not; the second between the plaintiff in attachment and the garnishee, in which the question of indebtedness of the garnishee to the defendant must be ascertained; and the third, between the plaintiff and the claimant, brought before the court on the suggestion of his claim by the garnishee in the answer he files. The last proceeding is collateral to the first two, and each is to be distinctly tried, the last first. If the issue on that trial is found for the plaintiff, judgment must be rendered against the garnishee on his answer, after judgment against the defendant, and if for the claimant or contestant, the garnishee is discharged. Code, §§ 2191, 2200.

The issue in this case between the plaintiff and the claimant is, whether the claimant has a transfer of the demand superior to the rights of the plaintiff or garnishing creditor derived from the process,—its purpose being the summary determination of the right of

the claimant, as against the garnishing creditor. Further than this, the claimant has no concern with the debtor and the garnishee, or with the issues in their respective proceedings.—*Winslow v. Bracken*, 57 Ala. 368; *Reynolds v. Collins*, 78 Ala. 94; *Merrill & Bridges v. Vaughan*, 118 Ala. 438. The right of the plaintiff in the claim suit is simply that of an attaching creditor, derived entirely from the process, and not from contract with the debtor.

2. As applicable to the case before us we may adopt as here applicable, the language of the case first above cited, as embodied in its sixth head-note: "The *onus* of establishing the validity of the transfer of the demand rests upon the claimant, and when he claims by transfer from a transferee, he is bound to prove both transfers, and to show that the first transfer was made prior to the service of the garnishment, for a valuable consideration, or, if not founded on such consideration, he, for value, accepted a transfer from the original transferee." In other words, where the claimant is a transferee of a transferee, and he shows the validity of the transfer of the demand to the first transferee, by showing that it was for a valuable consideration, before the service of the garnishment,—he is entitled to prevail, without proving value for the transfer to himself. He stands in such case, upon the rights of his transferor, which, if established to be superior to the plaintiff's under the process, his claim is made out with reference to how or when he acquired transfer of the claim. It is only when he fails to show the valuable consideration of the transfer of the claim to his transferor, that he is required to show a valuable consideration from himself to his transferor for the acquisition of the same.

3. In the case in hand, Plaster, the defendant in attachment, as appears, held a $700 note to Phillips, the garnishee. The date of the garnishment was the 29th December, 1897. It was further shown by claimants, that Plaster being largely indebted to Griel Bros. Co. "for money and merchandise," as he expressed it, transferred this note, with others, to said company, to secure a large indebtedness to them, which transfer was shown

[Lehman v. Shiver.]

to have occurred on the 26th January, 1897,—nearly a year before the writ of garnishment was issued. These facts were shown, without any conflict in the evidence. If Griel Bros. Co. had been the claimants instead of Norwood & Co., it is clear that on this state of proof, their case would have been made out against the plaintiff. This being true, under the principles above announced, Norwood & Co., being the claimants under transfer from Griel Bros. Co., and being entiled to the same rights as their immediate tranferors had, are entitled to prevail against the plaintiff. It appeared that the claim of Norwood & Co. against the defendant, Plaster, was not satisfied. It was immaterial to the investigation, whether they paid value for the transfer of said claim to them or not. It would not have affected their rights, if Griel Bros. Co. had transferred it to them by gift, and not for value. It was shown, however, without proof to the contrary, that claimants paid value for their transfer of said claim from Griel Bros. Co. Under the undisputed evidence, they were entitled to the affirmative charge as requested.

Much, if not all of the evidence allowed to be introduced by plaintiff against the objection of the claimants, was irrelevant and immaterial to the real issue. It is unnecessary to notice these, particularly, or review the charges given for the plaintiff.

Reversed and remanded.

TYSON, J., not sitting.