[Civ. No. 1631.   First Appellate District.—February 3, 1916.]

## D. C. SAMPLE, Respondent, v. ROUND MOUNTAIN CITRUS FARM COMPANY (a Corporation), Appellant.

NEGLIGENCE—DESTRUCTION OF FEED BY FIRE—SUFFICIENCY OF EVIDENCE. In an action for damages alleged to have accrued to plaintiff by the destruction of several hundred acres of feed standing upon certain land caused by fire, which it is alleged started upon the lands of the defendant and was negligently permitted to spread to plaintiff's land, where the evidence as to the cause of the fire upon the lands of the plaintiff is in substantial conflict upon the question as to whether it originated from a lighted cigarette dropped upon the lands of the defendant by an employee, or resulted from the burning of grass upon the lands of the defendant for the purpose of clearing the same by a person who claimed to be acting as the agent of the corporation defendant, the findings of the trial court cannot be disturbed on appeal.

ID.—AUTHORITY OF AGENT—SUFFICIENCY OF EVIDENCE.—In such a case, whether a person who acknowledged responsibility for the origin of the fire upon the lands of the corporation defendant was or was not the agent of the defendant was a matter peculiarly within its own knowledge, and the fact that such person was found upon the lands of the defendant at or about the time of the starting of the fire, openly acting in the capacity of superintendent over the defendant's land and the work being done thereon, was a circumstance which carried with it the implication of authority to so act from the corporation defendant, and sufficed to make a *prima facie* showing of the existence of the relation of principal and agent between the corporation defendant and such person, which, in the absence of a showing to the contrary, was sufficient to support a finding of the trial court that such relation did exist at the time of the fire.

ID.—ADMISSIONS OF AGENT—ADMISSIBILITY OF.—In such a case statements of the person who had charge of the defendant's lands at the time of the fire, concerning its origin, and his subsequent offer to settle for the damages resulting therefrom to the plaintiff's lands, were admissible in evidence.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, for Appellant.

George Cosgrave, for Respondent.

THE COURT.—In this action the plaintiff sought and recovered a judgment for damages alleged to have accrued to him by the destruction of some 615 acres of feed standing upon his land, as the result of a fire, which it was alleged was purposely started upon the lands of the defendant and negligently permitted to spread to the adjacent lands of the plaintiff.   The answer of the corporation defendant admitted that at the time of the fire it was the owner of, and in the possession, use, and occupation of, the land upon which the fire originated.   The trial court in effect found that the defendant on August 10, 1914, through its agents, servants, and employees, caused to be set upon its lands a certain fire, which spread to and over the lands of the plaintiff.   The sufficiency of the evidence to support this finding is assailed.   In this behalf it is contended that the evidence does not show that the fire in question was started by the agent of the defendant; and, conceding for the sake of argument, that the evidence may be found sufficient in this particular, it is insisted that there is no evidence tending to show that when starting the fire such agent was acting within the scope of his employment.

The evidence as to the cause of the fire upon the lands of the plaintiff is in substantial conflict upon the question as to whether it originated from a lighted cigarette dropped upon the lands of the defendant by an employee, or resulted from the burning of grass upon the lands of the defendant for the purpose of clearing the same by a person who claimed to be acting as the agent of the corporation defendant.   In the presence of this conflict in the evidence the finding in question must, under the familiar rule, be held to be sufficiently supported by the evidence in so far as it purports to find and fix the cause of the fire; and although the evidence adduced in the case is almost entirely circumstantial, nevertheless it warrants the inference that the person who started the fire

upon the lands of the defendant was the agent of the defendant, and was at the time he started the fire acting within the scope of his employment.   Among other things it was shown in evidence that several individuals who were employed upon the lands of the defendant recognized the person who admitted starting the fire as "the boss," and that that person, when approached for information concerning the origin of the fire, admitted that he was responsible for it, and stated that they (evidently meaning the employees under him) were "burning grass and the fire got the best of them."

After the fire had spread to the lands of the plaintiff and destroyed the growing crops thereon, this same person—the boss—came to the home of the plaintiff, and offered to settle for the damage done to the plaintiff's lands by the fire; and when informed by the son of plaintiff that a settlement could not be made without first ascertaining by measurement the extent in acreage of the burned area, said in effect that when such measurement was made he would settle for the damage done to plaintiff, but inasmuch as a corporation was involved, he would before making the settlement have to "make a report to the company."

Whether the person who acknowledged responsibility for the origin of the fire upon the lands of the corporation defendant was or was not the agent of said defendant was a matter peculiarly within its own knowledge; and therefore the fact that such person was found upon the lands of the defendant at or about the time of the starting of the fire openly acting in the capacity of superintendent of defendant's lands and the work being done thereon was a circumstance which carried with it the implication of authority to so act from the corporation defendant, and sufficed to make a *prima facie* showing of the existence of the relation of principal and agent between the corporation defendant and such person, which, in the absence of a showing to the contrary, was sufficient to support the finding of the trial court that such relation did exist at the time of the fire.   (1 Labatt on Master and Servant, sec. 22, pp. 69–73; *Elsner* v. *State,* 30 Tex. 524; *Indiana etc. Ry. Co.* v. *Adamson,* 114 Ind. 282, [15 N. E. 5]; *Reynolds* v. *Collins,* 78 Ala. 94.)

If we be correct in the conclusion just stated, it follows that the trial court did not err in permitting in evidence over the objection of the defendant the statements of the person who

was in charge of the defendant's lands at the time of the fire concerning its origin, and his subsequent offer to settle for the damage resulting therefrom to the plaintiff's lands. It is not disputed that if the evidence supports the finding in question it likewise supports the further finding that the fire spread to the lands of the plaintiff as the result of the negligent failure of the defendant's agent to keep it under control.

This disposes of all the points made in support of the appeal, and for the reasons stated the judgment and order denying the defendant a new trial are affirmed.