JOHN GARST *vs.* JOHN G. CANFIELD *et al.*

JUNE 16, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Garnishment. Claimant to Fund. Appeal.*

The jurisdiction of the Superior Court where a claimant to a fund attached by trustee process is made a party to the suit in respect to the title to the fund, is solely to charge or discharge the garnishee, and any party aggrieved by the determination of the court may after final judgment bring such determination up for review by bill of exceptions and proceedings by which the garnishee is ordered to turn over the fund to the claimant, and appeals

following the course of equity from such so-called decree, are all wholly unwarranted.

*(2)　Garnishment.　Claimant to Fund.*

In attachment of the personal estate of a defendant, in an action at law, when a claimant to the fund' attached is made a party in respect to the title to the personal estate and establishes its claim to the fund, the extent of the jurisdiction of the court is to find accordingly and discharge the garnishee and the court has no authority to order the payment of the fund by the garnishee to the claimant.

*(3)　Garnishment.　Claimant to Fund.　Res Adjudicata.*

Where a claimant to the fund attached by trustee process is made a party to the action in respect to the title to the fund attached in the hands of a garnishee, who has made a return, the determination of the court upon that special issue becomes *res adjudicata* to such claimant as well as to the other parties in the suit, but although the determination of the court be in favor of the claimant, nevertheless he cannot have a judgment in his own name against the garnishee but must enforce his claim against the garnishee in some other proceeding.

ASSUMPSIT.　Heard on appeal of plaintiff from an order in regard to ownership of personal estate and appeal dismissed.

SWEETLAND, C. J.　The above entitled proceeding is an action of the case in assumpsit commenced in the Superior Court against John G. Canfield and John G. Canfield Company, a corporation.

The writ commanded the attachment of the personal estate of the defendants in the hands and possession of the Mechanics National Bank of Providence, which attachment appears by the officer's return on the writ to have been duly made.　The cashier of said Mechanics National Bank filed an affidavit for said bank as garnishee, setting forth that at the time of the service of the copy of the writ in said cause upon said bank there was in its possession of the personal estate of John G. Canfield Co. the sum of ninety-four cents, and of the personal estate of John G. Canfield Company, Manager, the sum of $5,014.13.　There has been no decision, verdict or judgment in the cause.

In accordance with the authorization of the statute Arthur J. Mitchell & Company, Inc., a corporation, upon its

own motion, was made a party so far as respects the title to the personal estate attached in the hands and possession of the Mechanics National Bank and standing in the name of John G. Canfield Company, Manager, which personal estate was claimed by said Arthur J. Mitchell & Company. A hearing was had upon this claim before a justice of the Superior Court and after such hearing said justice entered a so-called order and decree in which it is "ordered, adjudged and decreed" that "Arthur J. Mitchell Company, Incorporated," is the owner of the personal estate attached standing in the name of John G. Canfield Company, Manager, that the Mechanics National Bank forthwith pay said personal estate with interest to "Arthur J. Mitchell Company, Incorporated," and that the plaintiff's attachment upon said personal estate be dissolved and discharged. The plaintiff (1) has attempted to bring this so-called decree before us for review by what he has entitled an appeal from the final decree of the Superior Court taken within thirty days of its entry.

The proceedings following the hearing on the claim of Arthur J. Mitchell & Company, Inc., are all unwarranted by our practice or our statute, are contrary to the nature of and not within the scope of proceedings in attachment by trustee process. There has been an attempt to apply the practice in equity causes to this ancillary phase of an action at law, entirely without the warrant of the statute.

The claimant of the fund seeks to support the action of the Superior Court, and the plaintiff defends its appeal, by the suggestions that the statute, in permitting the claimant to be made a party with respect to the title of the fund attached in trustee process, has introduced an equitable proceeding within the body of a suit at law, that, without regard to the travel of the suit at law, such proceeding should follow the course of equity by the entry of a final decree adjudicating the title to the fund and providing for its disposition, and that such final decree ought to be reviewed upon appeal as is provided in other equity causes.

The unsoundness of such suggestions is strikingly shown if attempt should be made to apply them in actions commenced by foreign attachment in district courts, where most of such actions are brought. The district courts are without equity jurisdiction, and the provision for equity appeals relates exclusively to the removal of causes from the Superior Court to this court for review. In the provision for equitable defenses in suits at law, in the action of *indebitatus assumpsit* for money had and received, and in numerous other instances the law has adopted equitable principles, but the form of the remedy and the procedure is legal and not equitable. This court has held in *Cross* v. *Brown*, 19 R. I. 220, that an attachment by trustee process is statutory and the rights are legal rights, and said: "It was evidently never intended that the trustee process provided for in our statute should be an equitable proceeding but strictly a proceeding at law."

(2)    If, however, we should disregard the form of the adjudication of the Superior Court and treat the so-called decree as a judgment, it exceeds the limits of any judgment which properly may be entered in trustee process. This decree not only finds that the fund attached was the property of the claimant but orders that it be "forthwith" paid to the claimant and also dissolves and discharges the attachment. If the Arthur J. Mitchell & Company, Inc., establishes its claim to the fund to the satisfaction of the Superior Court the extent of that court's jurisdiction in this proceeding is to find accordingly and discharge the garnishee.

The provisions of the statute permitting a claimant to the fund attached to intervene and be made a party, or to be summoned in, was primarily enacted for the protection of a garnishee against double liability, both as trustee in the attachment suit and subsequently as defendant in a suit by the claimant. Being a party to the suit so far as respects the title to the personal estate attached in the hands of a garnishee, who has made a return, the determination of the court upon that special issue becomes *res adjudicata* to such claimant as well as to the other parties in the suit.

(3)    The power of the court to enter a binding judgment, as limited in *Providence Institution for Savings* v. *Barr*, 17 R. I. 131, appears to have been extended by the provisions of Section 12, Chapter 301, Gen. Laws, 1909, enacted since the decision of that case, in connection with Section 18 of said chapter. The validity of said Section 12 has never been questioned in this court. The state of our law, as the result of statutory enactment and judicial decision, is not in accord with decisions in a number of jurisdictions which have followed the Vermont case of *Carpenter* v. *McClure*, 37 Vt. 127, in which the Vermont court held that after judgment discharging a trustee "the claimant is left to pursue his remedy against the trustee the same as though no trustee suit had ever been brought, and the trustee has the same right to defend."

When a claimant of personalty attached by trustee process becomes a party to the action so far as relates to the particular issue of the title to such personalty, final judgment in that action concludes the rights of all parties to the action as to such title. Although the determination of the court on that issue be in favor of the claimant, nevertheless said claimant can not have a judgment in his own name against the garnishee. He has a right to have his claim passed upon and to have a final judgment entered discharging the garnishee. Unless the garnishee voluntarily turns over the personalty to him he must enforce his claim against the garnishee and obtain an execution in some other proceeding. This is in accord with the practice which has always prevailed in this State and is supported by the decisions in other jurisdictions. *Gifford* v. *Rockett*, 119 Mass. 71; *Boylen* v. *Young*, 6 Allen, 582; *Fuller* v. *Storer*, 111 Mass. 281; *Peck Bros.* v. *Stratton*, 118 Mass. 406; *Butler* v. *Frank*, 128 Mass. 29; *Moors* v. *Goddard*, 147 Mass. 287; *Carpenter* v. *McClure*, 37 Vt. 127; *Walton* v. *Detroit, &c.*, 37 Ill. App. 264; *Norwood* v. *Voorhees*, 129 Ala. 314; *Florida* v. *Carstens*, 37 So. 566.

The Superior Court was in error in treating the consideration of the claim of Arthur J. Mitchell & Company, Inc., as a

proceeding in equity in which by orders contained in a final decree it could provide for the distribution of the fund in the hands of the trustee. Its jurisdiction in the matter is solely to charge or discharge the garnishee. Any party considering himself aggrieved by the determination of the court in that regard, who duly excepts thereto, may after final judgment in the case bring such determination before us for review by a bill of exceptions as provided by statute.

The so-called appeal of the plaintiff is dismissed. The case is remitted to the Superior Court for further proceedings.

*Baker, Spicer & Letts,* for plaintiff.

*Waterman & Greenlaw,* for Arthur J. Mitchell & Co., intervenor.