## SLATER *vs.* CARTER.

[MOTION AGAINST SHERIFF FOR FAILURE TO SERVE PROCESS.]

1. *Validity of summons signed in blank by clerk, and filled up by plaintiff's attorney.* The general and long-continued practice in this State, by which the clerk has been accustomed to subscribe his name to a blank writ or summons, and deliver it to the plaintiff's attorney, with verbal authority to the latter to fill up the blanks and hand the process to the sheriff, is not violative of any statutory provision; and a writ or summons thus issued is valid.

2. *Charge partly erroneous.*—A charge to the jury, asserting two distinct legal propositions, one of which is erroneous, may be refused entirely.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. C. W. RAPIER.

THIS was a summary proceeding, by notice and motion, in favor of Samuel D. Carter, against James G. Slater, as sheriff of Choctaw county, and the sureties on his official bond, for the failure of the said sheriff to execute a summons, in favor of said Carter, against John F. Rowe and G. W. Brewer. "On the trial of the cause," as the bill of exceptions states, "the plaintiff introduced as a witness Eugene McCaa, his attorney, who testified, that prior to the 9th September, 1857, he received from the clerk of the circuit court of said county a number of blank summonses, with the name of the said clerk subscribed thereto; that said clerk, at the time of delivering said summonses to him, gave him authority to fill them up against such parties as he (witness) might have occasion

to bring suits against in said county; that on the 9th September, 1857, he enclosed in one envelope, and mailed, in Demopolis, Marengo county, directed to 'James G. Slater, sheriff, Butler, Choctaw county, Alabama,' three of the said summonses, with complaints, &c.; which summonses were returnable to the fall term of said court, 1857, and one of which was against said Rowe and Brewer. The said clerk was then introduced as a witness by plaintiff, and testified, that prior to said 9th September, 1857, he delivered to said McCaa a number of blank summonses, previously signed by him, and, at the same time, gave said McCaa verbal authority to fill them up against such defendants as he might have occasion to sue in said circuit court; and that it was his custom to delegate this authority to attorneys-at-law. The appearance docket of said court, at said fall term, 1857, was then introduced, and showed that two of said suits, to which said McCaa had testified, had been docketed; but the clerk knew nothing of the suit against said Rowe and Brewer, and no such case appeared on the docket; and said clerk further testified, that no such summons was ever issued from his office. There was evidence, also, tending to show that the two other summonses, to which said McCaa testified, came to the hands of said sheriff; and that the summons against said Rowe and Brewer, if received at the same time, might have been served, at least on said Brewer, if reasonable diligence had been used. The defendants then introduced as a witness one Dill, who was the book-keeper of the sheriff, and who testified, that no summons against said Rowe and Brewer, at the suit of said Carter, had come into the sheriff's office, so far as he knew; but that the two other summonses, to which McCaa had testified, came into the office of the sheriff."

" On this state of facts, the defendants asked the court to charge the jury as follows: '1. That the signing of blank summonses by the clerk, and their delivery to said McCaa, attorney, &c., with a delegation of authority, in the manner disclosed by the testimony, to fill them up against such parties in said county as he (McCaa) might have occasion to sue, was illegal; and that the sheriff was

Slater v. Carter.

under no obligation to serve them.' ' 2. That if the jury believed from the evidence that the clerk of said circuit court signed blank summonses, delivered them to said McCaa prior to the 9th September, 1857, and, at the time of their delivery, delegated to him verbally authority to fill them up against such parties in said county as he might have occasion to sue; and that said McCaa did fill up such summonses, with complaints prefixed, against said Rowe and Brewer, at the suit of S. D. Carter, with copies, or duplicates thereof; and that said McCaa mailed said summonses, in Demopolis, on the 9th September, 1857, directed to the sheriff of Choctaw county,—that was not *prima-facie* evidence that they were received by said sheriff; and that said delegation of authority by the clerk was not legal, unless the process came back into his hands, and was issued directly therefrom to the sheriff; and that if process of this character came to him, from any other source than the office of the officer authorized by law to issue the same, he is not liable for a failure or neglect to serve the same.' The court refused each of these charges, and the defendants excepted to the refusal of each."

The refusal of the charges asked is assigned as error.

WM. BOYLES, for appellants.

WM. B. CULP, *contra.*

A. J. WALKER, C. J.—It is believed to be a practice very generally prevalent, and of long and unquestioned use in this State, for the clerk to subscribe his name to the ordinary initial process of common-law suits, with the names of the parties, and other particulars which individualize the case, in blank; and for the plaintiff's attorney, under a verbal authority from the clerk, to fill up those blanks, and hand the writ to the sheriff. The long continuance of this practice, without controversy of its correctness, gives the sanction of the bar generally to its legality, and affords satisfactory proof of its harmless operation. Such a practice is supported by authority, which, though not conclusive, is entitled to great weight,

44

and ought not to be disturbed, unless clearly wrong.

Section 651 of the Code authorizes the clerk of the circuit courts to appoint a deputy, "with full power to transact all the business of such clerk"; and requires that such deputy should first take a prescribed oath. A similar statute has existed in this State since 1836.—Clay's Digest, 146, § 19. This statute has never been understood by this court as prohibiting the authorization of one to discharge some particular duty, (not the general business of the clerk's office,) without taking the prescribed oath.—McMahan & Evans v. Colclough, 2 Ala. 68; Yonge v. Broxson, 23 Ala. 684; McDonnell v. Br. Bk. at Montgomery, 20 Ala. 313. We must place the same construction upon section 651 of the Code which our predecessors placed upon the act of like terms which preceded it. We decide, therefore, that there is no statutory 'prohibition to the conferring upon one, who has not taken the prescribed oath, authority to fill up the blanks in the writs as above specified.

It is true that the clerk is required to issue the writ; but surely this duty can be performed through the agency of another, upon the same principle upon which the blanks may be supplied through such agency after the signature is affixed.

In the case of Worsham v. Goar, (4 Porter, 441,) it was decided not to be permissible for the clerk to authorize the insertion of the names of commissioners by another, after the commission had left the office. This decision is placed upon the language of the statute, which requires that the commission should issue to the commissioners. The court evidently regarded the statute as conveying an implied prohibition to the designation of the commissioners after the commission passed from the clerk's office for execution. The reason, therefore, upon which this decision is placed, does not apply in the construction of a statute not containing the same language. Besides, the nature of the duty of designating commissioners, and its liability to abuse when intrusted to the hands of others, who might be interested, doubtless had its weight in influencing the court to seek for a construction of the

statute, which would justify the decision made. That decision has, no doubt, a very healthful practical operation, and we do not intend to detract from its authority; but we cannot allow to it the influence upon the decision of this case which is claimed for it by the counsel for the appellant. We decide that, upon the facts in this case, the process was not illegal, and that it was the sheriff's duty to execute it.

[2.] The proposition, as to the effect of the evidence upon the question whether the process was received by the sheriff, was not asserted alone in a distinct charge, but together with a proposition upon another point, which we have already decided was not correct. The different propositions were asked together, as parts of the same comprehensive charge; and there was no error in a refusal of the request, although one of the propositions may have been correct, if the other was erroneous. It is therefore not necessary to examine the proposition as to the effect of the evidence.

The judgment is affirmed.