## GIMON vs. TERRELL.

### [TROVER FOR CONVERSION OF SLAVE.]

1. *Proof of agency.*—As a general rule, the fact of agency must be proved by other evidence than the acts of the agent himself, before it can be assumed that his acts are binding on the principal; yet, where there is any evidence of an assent on the part of the principal to the acts of the agent, or where the acts themselves are of such nature, or so continuous, as to furnish a reasonable ground of inference that they must have been known to the principal, and that he would not have permitted the agent thus to act without authority, the acts themselves are admissible evidence to prove the agency.

2. *Proof of contract of hiring; admissibility of agent's acts as evidence against principal.*—The question being, whether defendants employed plaintiff's slave on their boat without authority, or hired him from plaintiff's authorized agent; and there being some evidence tending to show the agency,—the fact that the agent "came down to the boat, and inquired about the slave," is relevant evidence, as tending to show knowledge and assent on the part of the agent to the employment of the slave by the defendants, and thus tending to show a contract of hiring.

3. *Authority of agent.*—An agent, who is authorized to hire out and look after his principal's slaves, may, by hiring one of the slaves to a person who already has possession of him without authority, legalize the subsequent employment of the slave by the hirer.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Dominick Gimon, against W. M. Terrell and others, owners of the steamboat *Lucy Bell*, to recover damages for the conversion of a slave named Brister, who was accidentally drowned while employed as a deck hand on the defendants' boat. The rulings of the court on the trial, to which exceptions were reserved by the plaintiff, and which are now assigned as error, are thus stated in the bill of exceptions :—

"The defendants introduced a witness, by whom they offered to prove, that he (witness) saw one Peter Desplous, for one or two years before the drowning of Brister, at different times officiating in hiring and looking after the ne-

groes belonging to the plaintiff; that he saw Desplous talk-
ing to Brister on the wharf, while Brister was employed
on the *Lucy Bell*, and gave him a piece of tobacco. The
plaintiff objected to the examination of the witness for this
purpose,—as well to the questions put to elicit this evi-
dence, as to the evidence itself; but his objections were
overruled, and he excepted.

"The defendants introduced another witness, and offered
to prove by him, that said Peter Desplous, before Brister
was drowned, came down to the *Lucy Bell*, and inquired of
witness about Brister; that he replied, Brister was on the
*Lucy Bell*; and that said Desplous then told him that
plaintiff was sick, and had sent him to see about Brister.
Plaintiff objected to the introduction of this evidence,—as
well to the questions put to elicit it, as to the evidence
itself; but the court overruled his objections, and he ex-
cepted. Plaintiff then introduced said Desplous as a wit-
ness, who testified, that he never acted as plaintiff's agent
in the hiring of his negroes; that one Simmons was his
clerk and agent for this purpose at the time of Brister's
death; that he did not go to the *Lucy Bell* before the negro
was drowned, but was requested by plaintiff, after the boy
was drowned, to go down to the wharf, and ascertain where
he was; that he did go, and, on inquiry of the second
clerk of the *Lucy Bell*, was told that he was drowned, and
that he reported this to the plaintiff.

"The plaintiff asked the court to charge the jury, that,
although they might believe, from the evidence, that
Desplous was the agent of the plaintiff in hiring and look-
ing after his negroes, yet such agency would not authorize
Desplous to ratify a previous conversion of Brister by the
defendants, or to permit them to use the negro, so as to
bind the plaintiff, if their original possession was unau-
thorized and illegal. The court refused to give this charge,
and the plaintiff excepted to its refusal."

L. S. LUDE, for appellant.
WM. BOYLES, and S. J. CUMMING, *contra*.

14

R. W. WALKER, J.—The plaintiff's objection to the evidence of the first witness for the defendant, was to the evidence as a whole. Consequently, if any portion of it was admissible, the objection was properly overruled. A part of this evidence was, that the witness "saw Peter Desplous, for one or two years before the drowning of Brister, at different times officiating in hiring and looking after the negroes belonging to the plaintiff". Whether Desplous was the agent of the plaintiff to hire or manage Brister, was one of the questions in the case; and we think that the evidence above quoted was relevant to this question. It is true that, as a general rule, the agency of a party must be proved by other evidence than his mere acts, before it can be properly assumed that such acts are binding on his principal.—*Scarborough v. Reynolds*, 12 Ala. 259; *McDonnell v. Branch Bank of Montgomery*, 20 Ala. 317; *McDougald v. Dawson*, 30 Ala. 553. And it may also be true, that mere acts of the assumed agent, unaccompanied by any evidence tending to show that the principal had knowledge of, or assented thereto, are not even competent evidence to be submitted to the jury upon the question of agency.—See 2 Phill. Ev. (C. & H.'s Notes, ed. 1843,) 188–9; *Scott v. Crane*, 1 Conn. 255; *Moore v. Patterson*, 28 Penn. St. R. 505 (512–13); *Forsyth v. Day*, 41 Maine, 382; *Dow v. Perrin*, 2 Smith, (N. Y.) 325; *Kidd v. Cromwell*, 12 Ala. 648 (652). But, where there is any evidence tending to show the assent of the principal to the acts of the agent, these acts, in connection with such evidence of the principal's assent thereto, should be allowed to go to the jury. And if the acts of the alleged agent are of such a nature, or so continuous in their character, as to furnish *in themselves* any reasonable ground of inference that the plaintiff knew of them, and would not have permitted the assumed agent thus to act in the absence of authority for so doing, the acts themselves are at least competent evidence to be submitted to the jury.—See *McDonnell v. Branch Bank*, 20 Ala. 313; *Krebs v. O'Grady*, 23 Ala. 726; *Kent v. Tyson*, 20 N. H. 121; 2 Phill. Ev. (ed. 1843,)

Gimon v. Terrell.

188–9 ; *Cobb v. Lunt,* 4 Greenl. 503. We think that the
evidence under discussion falls within this principle ; and
although it may be true that the acts of Desplous referred
to by the witness were not of such a character as to fur-
nish of themselves *sufficient* evidence of the principal's
knowledge and assent, yet the insufficiency of the testimony
is not an argument against its competency. The question
of agency is matter of fact, which it is the province of the
jury to decide upon ; and if there is any evidence tending
to prove the authority of the agent, its sufficiency and
weight should be left to the jury, under proper instruc-
tions from the court.—*McClung v. Spotswood,* 19 Ala. 165.

2. In like manner, a part, at least, of the evidence of
the second witness, was admissible ; and the objection,
being to the entire evidence, was rightly overruled. As-
suming that Desplous was the agent of the plaintiff to hire
Brister, the testimony that "before the negro was drowned,
Desplous came down to the *Lucy Bell,* and inquired of wit-
ness about Brister ", was relevant evidence, as it tended to
show the agent's knowledge of, and assent to, the employ-
ment of the negro by the defendants. If Desplous was
clothed with authority to "hire and look after" Brister,
then the fact that he knew of, and assented to, the employ-
ment of the slave by another, would tend in some degree,
however slight, to prove a hiring ; and any circumstances
tending to show a hiring of the slave by the plaintiff's
agent to the defendants, were clearly admissible as evidence.

3. The charge asked was double, asserting two distinct
propositions ; one of which was, that "although Desplous
was the agent of the plaintiff in hiring and looking after
his negroes, this would not authorize Desplous to permit
the defendants to use the negro Brister, so as to bind the
plaintiff, if their original possession was unauthorized and
illegal ". It is clear that the property in the negro was not
changed by the unauthorized and illegal possession of the
defendants. The property being still in the plaintiff, his
agent, empowered to hire and look after his negroes, had
authority, by hiring the negro to the defendants, to legalize

their subsequent use of him, although their prior possession was unauthorized. One of the propositions of the charge being erroneous, the court did not err in refusing it entirely, even if the other proposition was correct,—as to which it is not necessary to express an opinion.—*Slater v. Carter*, 35 Ala. 679.

Judgment affirmed.