(100 South. 757)

### LANGHAM et al. v. JACKSON, Superintendent of Banks. (1 Div. 315.)

(Supreme Court of Alabama. June 12, 1924.)

1. **Principal and agent** ⊘⇒22(2)—When acts and declarations of alleged agent are admissible to show agency stated.

When fact of agency rests in parol, or is to be inferred from principal's conduct, and there is evidence tending to show agency, acts and declarations of alleged agent are admissible in determining whether or not there was an agency.

2. **Principal and agent** ⊘⇒99—When rule of apparent authority can be invoked by one misled to his detriment stated.

Where an actor has been held out by principal as being his agent, or as possessing authority assumed by such agent within scope of principal's business, rule of apparent authority can be invoked by one who has been misled thereby to his detriment.

3. **Principal and agent** ⊘⇒171(4)—Principal bound by agent's representations when availing himself of contract made by agent.

A principal who would avail himself of a contract made by another for him, whether by an appointment or as a gratuitous agent, is bound by representations made and means employed by such agent to effectuate contract.

4. **Evidence** ⊘⇒121(7)—Evidence tending to show notice to bank and circumstance entering into securing of indorsements held improperly excluded.

In bank's suit on notes against indorsers, excluded questions *held* called for competent evidence tending to show notice to bank and circumstances entering into securing of indorsement; such facts constituting a part of res gestæ.

5. **Bills and notes** ⊘⇒504—Interest in bank of persons securing defendants' indorsement on notes and its affairs held provable.

In a bank's suit against indorsers of notes, interest in bank, of person securing indorsement, and his participation in conduct of its affairs, should have been submitted to jury, so that they might consider bona fides of defense of conditional indorsement.

6. **Evidence** ⊘⇒121(7)—Occurrence at time notes were indorsed held admissible as part of res gestæ.

In bank's suit against indorsers of notes, evidence of what occurred at time notes were indorsed was admissible as part of res gestæ.

⊘⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 56.

**7. Bills and notes ⬳489(3)—Facts entering into and inducing indorsements of notes held relevant under defense of conditional indorsement.**

In bank's suit against indorsers of notes, facts and circumstances becoming a part of or entering into and inducing indorsement of note by defendants, were relevant under their defense of conditional indorsement.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Action on promissory notes by A. E. Jackson, as Superintendent of Banks, liquidating the affairs of the Bank of Bay Minette, against John Langham and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Jas. H. Webb, of Mobile, Stone & Stone, of Bay Minette, and Leon G. Brooks, of Brewton, for appellants.

The acts of the cashier of the bank are governed by the general law of agency. 7 C. J. 526; Bank v. Fidelity Co., 145 Ala. 335, 40 South. 415, 5 L. R. A. (N. S.) 418, 117 Am. St. Rep. 45, 8 Ann. Cas. 241. The acts and declarations of the agent were admissible in evidence. Gimon v. Terrell, 38 Ala. 208; Martin v. Brown, 75 Ala. 442; Reynolds v. Collins, 78 Ala. 94; Lytle v. Dothan Bank, 121 Ala. 215, 26 South. 6; Roberts & Son v. Williams, 198 Ala. 290, 73 South. 502; 2 C. J. 944. The principal was bound by the representation and acts of the agent. Williamson v. Tyson, 105 Ala. 644, 17 South. 366.

Gordon & Edington, of Mobile, and Charles Hall, of Bay Minette, for appellee.

Counsel discuss the point raised, but without citing authorities.

THOMAS, J. The court gave the general affirmative charge at the request of the plaintiff. The instant assignments of error relate to the action of the court in refusing to allow in evidence testimony as to the acts, conduct, and declarations of William B. Powell relating to the taking by the Bank of Bay Minette of the note of defendants and one C. B. Thompson. The suit is by the superintendent of banks on the indorsement by defendants of the note to said bank by said Thompson.

The real defense by the indorsers is that the indorsements were conditional; that the note would be also indorsed by W. D. Owens, Jr.; and that it was not so indorsed before it was taken and used by the bank with knowledge of the character of defendants' respective conditional indorsements.

[1] The question of agency and how the same may be shown, where that fact rests in parol, has been the subject of frequent discussion by the courts. When the fact of agency rests in parol, or is to be inferred from the conduct of the principal, and there is evidence tending to show agency, the acts and declarations of the alleged agent become admissible to enable the jury to determine whether or not there was agency. Roberts & Sons v. Williams, 198 Ala. 290, 73 South. 502; Lytle & Co. v. Bank of Dothan, 121 Ala. 215, 26 South. 6; Gambill v. Fuqua, 148 Ala. 448, 42 South. 735; Reynolds v. Collins, 78 Ala. 94; Martin v. Brown, 75 Ala. 442; Gimon v. Terrell, 38 Ala. 208; Buist v. Guice, 96 Ala. 255, 11 South. 280; 2 C. J. p. 945 et seq.; 38 Cyc. 2079.

[2, 3] It is further declared by this court that, where it is shown that the actor has been held out by the principal as being his agent, or as possessing the authority assumed by such agent within the scope of the principal's business, the rule of apparent authority can be invoked by one who has been misled thereby to his detriment. Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 453, 80 South. 834; Roberts & Sons v. Williams, supra; Fulton v. Sword Med. Co., 145 Ala. 331, 334, 40 South. 393; Patterson v. Neal, 135 Ala. 477, 482, 33 South. 39; Robinson & Co. v. Greene, 148 Ala. 434, 43 South. 797; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46; 1 Am. & Eng. Encyc. of Law (2d Ed.) p. 990. A principal who would avail himself of a contract made by another for him, whether by an appointment or as a gratuitous agent, is bound by the representations made and methods and means employed by such agent to effectuate the contract. Pacific Mut. Life Ins. Co. v. Hayes, supra; Roberts & Sons v. Williams, 198 Ala. 290, 292, 73 South. 502; Capital Security Co. v. Owen, 196 Ala. 385, 387, 72 South. 8; Doran & Co. v. Gilreath, 196 Ala. 377, 72 South. 94; Williamson v. Tyson, 105 Ala. 644, 17 South. 336.

[4] There was error in excluding the evidence sought to be evoked by the questions sought to be propounded to Mr. Woodson, and on which assignments of error from one to five, inclusive, are based. The agency and interest of Mr. Powell in the premises were subject of a proper cross-examination, and this was denied.

The questions sought to be propounded to Mr. Woodson were:

"Now, before he brought these notes back to you, and they were delivered to the bank, didn't you receive a phone call from one of the defendants, telling you about the circumstances under which these indorsements were obtained, and telling you not to discount those notes?"

"Didn't Mr. Briars there call you up on Tuesday morning before these notes were delivered to you, and explain to you the circumstances under which these indorsements had been gotten, and tell you for the bank not to take these notes?"

"Now before he took—he went out with these notes to get these indorsements, did he not

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

say to you that you and Catrett should not have loaned Thompson that $2,000 and more, that you had loaned him without security, and that, if the bank examiner came down and found that out, it would cause trouble, and did you and he not agree then that he should go and endeavor to get a note with indorsements in order to protect the bank on this loan that was made to Thompson without security?"

These questions called for competent evidence tending to show notice to the bank and the circumstances entering into the securing of the indorsements. No opinion of the witness was called for—merely the facts entering into or concomitant with the indorsements and the res gestæ thereof.

[5] The fact of Powell's interest in the bank and his participation in the conduct of its affairs, as making or approving loans, at or about the time of the making of the Thompson loan or renewal thereof, with the indorsements, should have been given the jury, so that they might consider the bona fides of the defense of conditional indorsement secured by Powell.

[6] The witness Langham, and the other defendants as witnesses, should have been permitted to answer the question, "Just state what occurred at the time that the notes were indorsed," as calling for the res gestæ of that act. So, also, of the question, "What, if anything, did the man Powell say to you on that occasion, before you indorsed the note, in regard to indorsing it?"

[7] The facts and circumstances becoming a part of or entering into and inducing the indorsements of the note by the respective defendants were relevant under the defense pleaded.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.