(106 So. 804)
### LOUISVILLE & N. R. CO. v. BASHINSKY, CASE & CO. (1 Div. 389.)

(Supreme Court of Alabama. Dec. 17, 1925. Rehearing Denied. Jan. 21, 1926.)

**1. Principal and agent ⇐22(3)—Agency may be established by proof of acts of professed agent known to principal.**

As a rule, agency cannot be established by proof of mere acts of professed agent, in absence of showing of principal's knowledge or assent, but, if they are such as to justify reasonable inference that principal knew of them, and would not have permitted them, if unauthorized, they are competent evidence of agency.

**2. Carriers ⇐187—Evidence, in action against terminal carrier, held to present question for jury whether initial carrier was acting as agent of defendant.**

Evidence, in action against terminal carrier to recover damage to shipment, that bills of lading and way bills used by station agents of initial carrier were forms of terminal carrier, that they were so used by them generally in shipping over defendant's line, that books of such agents were examined and audited by auditor of terminal carrier, and that initial carrier remitted all money collected from joint business to account of defendant, held to present question for jury whether initial carrier was agent of defendant.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action for damages by Bashinsky, Case & Co. against the Louisville & Nashville Railroad Company. From a judgment awarding plaintiffs' motion for a new trial, defendant appeals. Affirmed.

Bonner & Miller, of Camden, and Jones & Thomas, of Montgomery, for appellant.

The burden of proving agency was upon the plaintiffs. Jackson v. Ga. F. I. Co., 189 Ala. 495, 66 So. 588, Ann. Cas. 1917A, 807; Spratt v. Wilson, 94 Ala. 608, 10 So. 209; Sellers v. Com. F. I. Co., 105 Ala. 282, 16 So. 798; George v. Ross, 128 Ala. 666, 29 So. 651. To constitute agency by estoppel, or operation of law, the person sought to be bound must by words or conduct have represented that the person assuming to act for him had authority; said representation must have been believed and relied upon in good faith, and his position changed by the person asserting the estoppel. 31 Cyc. 1241, 1244; 5 Michie's Ala. Dig. 686; 16 Cyc. 726; Moore

& Co. v. Robinson, 62 Ala. 537; Hopper v. McWhorter, 18 Ala. 229; Brooks v. Romano, 149 Ala. 301, 42 So. 819. Abney did profess to act for appellant; appellant had no option but to accept the shipment, and there was hence no ratification of agency. 31 Cyc. 1251, 1252, 1260; Code 1923, § 9980.

Hybart & Hare, of Monroeville, for appellee.

It is only where there is no evidence tending to establish plaintiff's case that the giving of the general charge for defendant is justified. McMillan v. Aiken, 205 Ala. 35, 88 So. 135. The appellant adopted as its own the bill of lading issued by Abney, and hence ratified the act of the agent. Bank v. Trust Co. (C. C. A.) 288 F. 17, 30 A. L. R. 1299; Kuhnhold v. Netherlands, etc., Co. (C. C. A.) 264 F. 320; Bibb v. Hall, 101 Ala. 79, 14 So. 98; 2 C. J. 461. The sufficiency of the evidence on the question of agency was for the jury. Bank v. Plannett, 37 Ala. 222; Morningstar v. State, 55 Ala. 148; 2 C. J. 969; Eggleston v. Wilson, 211 Ala. 140, 100 So. 89. A carrier may accept goods beyond its own line; and where two or more carriers are engaged in carrying goods as part of a through transportation, they may be treated as partners in such transaction, and liable upon the principle of agency. Swift v. Pacific Mail S. S. Co., 106 N. Y. 206, 12 N. E. 583; Lehigh Valley v. Dupont, 128 F. 840, 64 C. C. A. 478; Lehigh Valley v. Delachesa, 145 F. 617, 76 C. C. A. 307; Davis v. Alexander, 46 S. Ct. 34, 70 L. Ed. ——; Champion v. Bostwick, 18 Wend. 175, 31 Am. De. 376; Penn. R. Co. v. Anoka Bank, 108 F. 482, 47 C. C. A. 454.

MILLER, J. This is an action by members of the firm of Bashinsky, Case & Co. against the Louisville & Nashville Railroad Company, a corporation, and the Manistee & Repton Railroad Company, a corporation, for damages by fire to 50 bales of cotton, after they were delivered to the defendants at Excel, Ala., for transportation for hire, consigned to J. S. Williams & Co., notify Bashinsky, Case & Co. at Mobile, Ala., alleging plaintiffs owned the cotton at the time it was so damaged.

The complaint was amended by striking out the Manistee & Repton Railroad Company as a party defendant.

There was a verdict of a jury in favor of the defendant, and judgment thereon by the court. The plaintiffs made motion for a new trial based on many grounds. The court granted the motion, set aside the verdict of the jury and the judgment for the defendant, and ordered a new trial. This appeal is prosecuted by the defendant from this judgment granting the motion for new trial, and it is the error assigned.

The cause was presented to the jury under four pleas: B, general issue; A, non est factum, the bill of lading for the cotton was not executed by this defendant or by any one authorized to bind it in the premises; (4) the plaintiff delivered this cotton to the Manistee & Repton Railroad Company for transportation from Excel, Ala., to Mobile, Ala.; the cotton was insured by plaintiffs against loss by fire, and plaintiffs have collected on the insurance policy full compensation for the loss by fire; and said initial carrier, Manistee & Repton Railroad Company, had a written contract with plaintiffs, which provided:

"Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contract of insurance."

Plea 5 was practically the same as plea 4. This defendant joined issue on said pleas, and filed replications to them.

The trial court held replication 3 sufficient to each of the four pleas mentioned. This replication reads as follows:

"Plaintiffs allege that the said defendant held out the Manistee & Repton Railroad Company to the public as its agent to receive for transportation and issue bills of lading for and in the name of said defendant from Excel, Ala., to Mobile, Ala., as well as other points of destination on said Louisville & Nashville Railroad. And plaintiffs delivered said cotton to said Manistee & Repton Ry. Company relying on its ostensible agency for the Louisville & Nashville Railway Company."

The pleadings and rulings of the court thereon are voluminous. Whether the rulings of the court are correct is not presented for review by the argument of counsel for appellant or appellee.

The court gave the following charge numbered 7 to the jury at the request of defendant:

"The court charges the jury that, if you believe the evidence in this case, you will find for the defendant under plaintiffs' replication No. 3."

The court in granting the motion of plaintiff for a new trial states it erred in giving written charge numbered 7.

The appellant insists that, if the trial court committed error, it was without injury to the defendant, because under all the evidence the defendant was entitled to the general affirmative charge, as there is no evidence tending to show that the Manistee & Repton Railroad Company was the agent of this defendant in receiving this cotton. There is no evidence that defendant held it out to the public as its agent in so doing, and there is no evidence tending to show plaintiffs delivered the cotton to the Manistee & Repton Railroad Company, relying on its ostensible agency for this defendant therein.

Is there any evidence tending to show that the Manistee & Repton Railroad Company, a corporation, was the agent of the defendant

in this transaction? This is the real question presented by the record, and by the argument of the counsel for the parties. If so, then the general affirmative charge with hypothesis should not have been given for the defendant, and the trial court erred in giving that written charge numbered 7, and properly granted the motion for a new trial. Brown v. Mobile Elec. Co., 207 Ala. 61, headnote 8, 91 So. 802; McMillan v. Aiken, 205 Ala. 35, head notes 9–11, 88 So. 135.

[1] The general rule as to proof of agency has been stated by this court in Reynolds v. Collins, 78 Ala. 97, as follows:

"It is a general rule that agency cannot be established by proof of the mere acts of the professed agent, in the absence of any evidence tending to show the principal's knowledge of, or assent to such acts; but, if they are of such nature, and so continuous, as to justify a reasonable inference that the principal knew of them, and would not have permitted them if unauthorized, the acts are competent evidence of agency, to be submitted to the jury. Bradford v. Barclay, 39 Ala. 33; Gimon v. Terrell, 38 Ala. 208."

See, also, Roberts & Sons v. Williams, 198 Ala. 290, headnotes 3–6, 73 So. 502; Bank v. Plannett, 37 Ala. 222, headnote 3; Langham v. Jackson, 211 Ala. 416, headnotes 1–3, 100 So. 757.

The cotton in question was delivered by plaintiffs' agent to J. S. Abney at Excel, a station on the Manistee & Repton Railroad Company's line. The defendant's line does not run through Excel; its nearest point thereto being Manistee Junction, which is seven or eight miles away, at which point there is a physical connection between the two lines. Abney, when he received this cotton at Excel, delivered to plaintiffs' agent a bill of lading of defendant, Louisville & Nashville Railroad Company for it, and Abney signed it "J. S. Abney, Agent." The name of the Manistee & Repton Railroad Company did not appear thereon. This defendant's (Louisville & Nashville Railroad Company's) name as carrier alone appeared thereon. Abney also issued a way bill for this cotton, and the name of the Louisville & Nashville Railroad Company only appeared thereon as carrier. The cotton was damaged by fire at Excel on the platform of the Manistee & Repton Railroad Company, and the Manistee & Repton Railroad Company had it repacked. Then it was shipped over its line from Excel to Manistee Junction, and from there it was transported by defendant over its line to the consignees in Mobile, Ala., the point of destination named in the bill of lading.

There was evidence that plaintiffs declined to receive this cotton from defendant in that condition, and plaintiffs afterwards "agreed to accept the cotton as salvage, and handle the salvage for the account of the Louisville & Nashville Railroad Company at the request of their claim adjusters," its claim agent, chief clerk, and cotton clerk. The evidence of the defendant was to the contrary.

J. S. Abney testified he was station agent at Excel. The bill of lading involved in this cause was handed to him. He further testified:

'This bill of lading handed to me seems like one I made out. It is for fifty bales of cotton, given to J. S. Williams & Co., destination, Mobile, Ala., notify Bashinsky, Case & Co., Mobile, Ala. This form was in the railroad office when I got it, and is the form I used in such cases. I began work in the railroad office at Excel, Ala., in 1914, and I reckon we must have been using that form at that time. That is my best judgment; and we used that form up until 1922. We use Louisville & Nashville waybills. When we ran out of such forms of bills of lading and waybills, we made requisition on Mr. E. O. Saltmarsh, superintendent of the Louisville & Nashville Railroad Company, and they would be forwarded to us from the stationery department of the Louisville & Nashville Railroad Company, Louisville, Ky. We used this bill of lading for shipments from Excel prior to 1922."

There was evidence that bills of lading and waybills used by station agents of Manistee & Repton Railroad Company were the forms of the Louisville & Nashville Railroad Company, furnished by defendant to the agents, with the defendant's name as the carrier, and they were so used generally by them in shipping over the Louisville & Nashville's line from the Manistee & Repton Railroad Company's line. There was also evidence that the books of the station agents of the Manistee & Repton Railroad Company were examined and audited from time to time by the auditor of the Louisville & Nashville Railroad Company for freight and passengers going over both lines. The Manistee & Repton Railroad Company, by its station agents, remitted all of the money collected from their joint business to the First National Bank of Montgomery for the account of the defendant Louisville & Nashville Railroad Company, and for all local collections for business entirely on its line they remitted the money to L. J. Bugg at Monroeville. The defendant in its answer to interrogatories states:

"As a matter of convenience to the Manistee & Repton Railroad Company, this defendant permitted the station agents along the line of that company, to use its form of bill of lading and freight bills in the handling of that company's business by the agents of that company, and supplied its forms."

The foregoing general and continuous acts for years of the agents of the Manistee & Repton Railroad Company in receiving cotton or goods for transportation, and in issuing bills of lading and waybills in the name of defendant for it, when it was to be carried over both lines, and the continuous acts of the defendant in furnishing that railroad

with its blank forms therefor tends to show the defendant's knowledge and assent to such acts, and such acts are competent evidence of agency of the Manistee & Repton Railroad Company in this transaction for the Louisville & Nashville Railroad Company to. be submitted to the jury. Authorities supra.

There is much positive testimony by Abney and witnesses for the defendant that neither Abney nor the Manistee & Repton Railroad Company was the agent of defendant in this transaction; that Abney was the agent only of the Manistee & Repton Railroad.

[2] The sufficiency of the evidence to establish the controverted fact of agency of the Manistee & Repton Railroad for the defendant in this transaction was for the jury. The fact of this agency was in issue. It was controverted by the evidence. There was some evidence tending to establish it, and the sufficiency thereof was a question for the jury under appropriate instructions from the court. The defendant was not entitled to the general affirmative charge with hypothesis. Brown v. Mobile, etc., Co., 207 Ala. 61, headnote 6, 91 So. 802; Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502; Langham v. Jackson, 211 Ala. 416, 100 So. 757; Bank v. Plannett's Adm'r, 37 Ala. 222, and authorities supra.

It results that the court erred in giving written charge numbered 7 to the jury. The motion for a new trial was properly granted, and the judgment setting aside the verdict of the jury and ordering another trial of the cause will be affirmed.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.