(110 So. 321)

PARRISH COAL CO. v. WAID. (6 Div. 994.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 23, 1926.)

**1. Principal and agent ⬦170(2).**

Where agents' orders for drayage were recognized by principal, and payments made on each of them, sufficiency of evidence as to agency cannot be inquired into.

**2. Contracts ⬦168.**

Though written request for drayage did not contain promise to pay for services, law will imply this on their performance.

**3. Appeal and error ⬦1011(1).**

Finding of trial judge on conflicting evidence, in action for drayage services, has the effect of a jury verdict.

**4. Appeal and error ⬦219(2), 293.**

If finding was error, it should have been called to court's attention by motion for new trial, or by objection to the evidence.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by J. W. Waid against the Parrish Coal Company. From a judgment for plaintiff, defendant appeals. Affirmed.

A. F. Fite, of Jasper, for appellant.

Counsel discusses the questions raised, but without citing authorities.

Curtis, Pennington & Pou, of Jasper, for appellee.

No motion for new trial was made, and the question of the sufficiency of the evidence cannot be presented on appeal. Louisville & N. R. Co. v. Franks, 205 Ala. 322, 88 So. 155; Sovereign Camp, W O. W., v. Dennis, 17 Ala. App. 642, 87 So. 616; Southern Ry. v. Morris, 210 Ala. 463, 98 So. 387.

BRICKEN, P. J. [1] Appellee brought suit against appellant to recover the sum of $19. The amount is claimed to be a balance due on orders given appellee for work by agents of appellant. It appears that appellee was in the drayage business, and the so-called orders were in the form of written requests to move certain laborers to appellant's works. The evidence is very meager and unsatisfactory. From the record and briefs, the chief contention between the parties on the trial appears to have been over the authority of the alleged agents to bind the principal by the orders. However, each of the orders appears to have been recognized by the company, and payments made on each. The sufficiency of the evidence as to agency cannot be inquired into in this case. L. & N. R. R. Co. v. Bashinsky, Case & Co., 214 Ala. 169, 106 So. 804.

[2, 3] What appears to us as the vital question in the case does not seem to have been

given serious consideration. Did the orders in question impose a primary liability on the defendant? The two first orders, dated, respectively, 1/2/25 and 1/3/25, are unconditional in their nature. While they do not contain a promise that the company will pay for the requested services, the law will imply this obligation upon the performance of the services. The third and last order does contain this statement: "If you will move him I will have him cut through the office for it." This indicates only a limited, conditional liability. The plaintiff testified that he acted only on the orders he received; that he had no understanding with the agents of the company prior to the performance of the services to the effect that he was to be paid only when and as the parties moved earned the money. Such a contract on the part of the plaintiff would have left him without recourse in the event no work was done, or the company failed to "cut" a sufficient amount to pay him. However, he was at liberty to make such a contract if he saw fit. The evidence is in conflict as to the real contract between the parties. The trial judge had the advantage of having the witnesses before him, and his finding has the effect of a jury verdict.

[4] If it be conceded that the finding for the balance due under the last order referred to was error, it should have been called to the court's attention by motion for a new trial or by proper objection to the evidence. Southern Ry. Co. v. Morris, 210 Ala. 463, 98 So. 387.

Affirmed.