(120 So. 153)

**ADLER v. MILLER.** (6 Div. 479.)

Supreme Court of Alabama. June 7, 1928.

Rehearing Granted Feb. 2, 1929.

676

Leader & Ullman and David R. Solomon, all of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

THOMAS, J. The count on which the trial was had and judgment rested was ex contractu. W. U. T. Co. v. Littleton, 169 Ala. 99, 102, 53 So: 97; M. L. I. Co. v. Randall, 74 Ala. 170; White v. Levy, 91 Ala. 175, 8 So. 563; Postal T. C. Co. v. Ford, 117 Ala. 672,

23 So. 684; Blythe v. Enslen, 203 Ala. 692, 85 So. 1. The rule thus tersely expressed and adhered to in this jurisdiction is: If the cause of action given expression in the complaint (1) *arises from a breach of promise, the action is ex contractu,* or (2) if that cause of action *arises from a breach of* duty growing out of the contract, it is in form *ex delicto and case.* See illustration of the distinction contained in Wilkinson v. Moseley, 18 Ala. 288, 290, 291; L. & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; White v. Levy, 91 Ala. 175, 8 So. 563.

As applied to the relation of landlord and tenant and liability for injury to the latter from defects in the premises, where there was an express agreement to repair, the case of Hart v. Coleman, 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213, declares the rule of this court. In that case the holding was that, where the promise of a landlord to a tenant by the month to repair the porch was under the latter's threat to move unless such repairs were made, such promise was founded on a sufficient consideration; and the landlord, being notified or observing that the floor of considerable height was rotten in front of the door, failed after such promise to repair, and the tenant receiving injury by a fall through such insufficient and unsafe flooring was permitted to recover damages in an action ex contractu. In Smith v. Hallock, 210 Ala. 529, 98 So. 781, is declared the rule when the action is ex delicto, and, "in the absence of a covenant to repair," the rule is that of the common law—"the lessee's eyes are his bargain." Hallock v. Smith, 207 Ala. 567, 93 So. 588; Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L. R. A. 1917F, 997; Moore v. Weber, 71 Pa. 429, 10 Am. Rep. 708; Gill v. Middleton, 105 Mass. 477, 7 Am. Rep. 548; L. R. A. 1918E, p. 218 et seq., for the general authorities; L. R. A. 1916D, 1227; 34 L. R. A. (N. S.) 805. The decision in Hart v. Coleman, 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213, is said to be out of line with the weight of general authorities. L. R. A. 1918E, pp. 219, 221.

In 43 A. L. R. 1494, the subject is thus adverted to in the extended note:

"It is not infrequent that the self-interest of landlords will prompt them to do many things to their property during the term which they are not obligated to the tenants to do, to improve the property or prevent dilapidation of the buildings, and because of this fact, and not because of the recognition of any obligation to the tenant to keep the premises in repair, they often state to their tenants that they will make the repairs needed; but this does not make them covenantors to repair, or devolve upon them liability for failure to make repairs, either properly or at all.

"Where by the terms of the lease the landlord has not the obligation of repairing the premises, a promise made by him during the term to make repairs, or lay out money in having the needed repairs made, must be supported by some new consideration to be valid; otherwise, it is considered a nudum pactum, even though the repairs may benefit his reversionary interest. * * * Donnelly v. House (1909) 160 Ala. 325, 49 So. 324; Hart v. Coleman (1917) 201 Ala. 345, L. R. A. 1918E, 213, 78 So. 201. * * *

"It is stated as a principle in Hart v. Coleman (1917) 201 Ala. 345, L. R. A. 1918E, 213, 78 So. 201, that 'a promise made by the landlord to repair the rented premises, made pending the tenancy, is without consideration, a nudum pactum, and will not support an action, as the alleged promise was made during the time in which plaintiff [lessee] was already obligated and bound for the payment of the rent.'"

And the case of Hart v. Coleman, supra, has been cited with approval in the more recent decisions in Byars v. James, 208 Ala. 390, 393, 94 So. 536, and Frazier v. Riley, 215 Ala. 517, 520, 111 So. 10, and there is analogy in Mudd v. Gray, 200 Ala. 92, 75 So. 468.

In the Hart-Coleman Case, the term of the lease was by the month and the threat was to remove at the end of such period. The promise to repair was the consideration to the tenant to remain and thus was the new consideration to the landlord for the extended term of the relation of the parties; the failure to repair and resulting injury was within the contract for such extended tenancy, and recovery was sustained. That is to say, as a part of the contract of rental (the remaining in the premises for another period) by which plaintiff re-rented and remained in possession of the house, the defendant agreed to repair or remove the defective condition in question, and the failure to repair per contract was the proximate cause of the injury and damages sought.

The count on which the trial was had was free from most of the grounds of demurrer directed thereto. It averred the "plaintiff, while a tenant of the defendant and as such tenant in possession of the house and lot," specifically described, was injured because a "part of said premises was so decayed and rotten as to give way under the weight of plaintiff's body and precipitated her to the ground," etc. "Plaintiff avers said injuries were proximately caused by the negligence of the defendant, which negligence consisted in this, as a part of the contract of rental by which plaintiff rented said house the defendant agreed to repair said house and remove said defective condition which proximately caused said injuries, and defendant negligently failed to make said repairs and negligently caused plaintiff to be precipitated to the ground." The grounds of demurrer among others, are that the count fails to allege whether the contract was "verbal or in writing," and fails to show there was any consideration for the defendant's agreement to repair and remove said defective condition. This should have been disclosed by the pleading. Byars v. James, 208 Ala. 390, 94 So. 536; Prudential v. Kerr, 202 Ala. 259, 80 So. 97; Hart v. Coleman, 201 Ala. 345, 78 So. 201,

L. R. A. 1918E, 213; Malone-Beal Merc. Co. v. Greer, 169 Ala. 543, 547, 53 So. 810; Newton v. Brook, 134 Ala. 269, 273, 32 So. 722; B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 147, 77 So. 565; Moore v. Williamson, 213 Ala. 274, 277, 278, 104 So. 645, 42 A. L. R. 981; Jefferson Dairy Co. v. Williams, 215 Ala. 559, 112 So. 125.

The evidence of defendant clearly supplies the fact that the renewal was by parol agreement, and that of plaintiff was that the consideration for the continued tenancy beyond the term was the accession of defendant's agent to make the repairs in question in response to tenant's threat to surrender possession and vacate at the end of the term; and that the injury occurred within the renewed or extended term. Thus there is application to the ruling on demurrer to the complaint for the rule of Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Jackson v. Vaughn, 204 Ala. 543, 545, 86 So. 469. The omitted allegations were proved and considered as were the jury duly instructed.

■ The written lease for the former term was the subject of modification by parol as extending to the new or renewed term, Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981. The jury were sufficiently instructed as to this.

■■ The evidence of Miller brings the facts of this case within the purview of the decision in Hart v. Coleman, supra, and presented an issue of fact for the jury as to the contract for repairs, and of the agency of Stillman for defendant, Adler. He said, on the question of agency:

"Mr. Stillman is the agent of Mr. Adler in collecting these rents. I know that to be a fact."

This, with his other testimony, carried the case to the jury on both phases of the evidence. The contract to repair before the beginning of the time or new term in which the injury was sustained, the agency for Adler through and by Stillman, and as to his authority in making the agreement for the required repairs are questions for the jury. Such facts of agency vel non and authority thereof are usually questions for the jury. Roberts & Son v. Williams, 198 Ala. 290, 73 So. 502; Insurance Co. v. Williams, 200 Ala. 681, 77 So. 159; J. C. Lysle Mill Co. v. N. Ala. Gro. Co., 201 Ala. 222, 77 So. 748; Pacific Co. v. Hayes, 202 Ala. 450, 80 So. 834; Standard Co. v. McMahon, 203 Ala. 158, 82 So. 188; Paterson v. Bank, 203 Ala. 536, 84 So. 721, 10 A. L. R. 1037; Oden-Elliott Co. v. Gaddis L. Co., 210 Ala. 582, 98 So. 730; Langham v. Jackson, Supt., 211 Ala. 416, 100 So. 757; Campbell Co. v. Brewer, 212 Ala. 50, 101 So. 748; Liverpool Co. v. McCree, 213 Ala. 534, 105 So. 901; L. & N. R. R. Co. v. Bashinsky, 214 Ala. 169, 106 So. 804; Reynolds v. Collins, 78 Ala. 97; Gimon v. Terrell, 38 Ala. 208; Bradford v. Barclay, 39 Ala. 33.

The testimony of Mr. Adler presented for the jury the questions of fact of agency and extent of authority of Mr. Stillman as to said premises and tenancy of the plaintiff and her husband. The request for the repairs, made within the old term, to Stillman, the agent; the threat to remove if not made; the promise to make the repairs in question (if such promise was made); and the relevant time of such request and promise—are also questions of material fact detailed or may be inferred from the evidence of the witnesses Henson, E. Miller, Mrs. W. Miller, and M. L. Brand. The agent, Arthur Stillman, corroborates the mere question of agency in dealing with the rented premises, yet he denies that such request or demand for improvements was made, or that he promised to make the same. He admitted such demand and threat to move, by the tenant or his wife, but stated that it was with reference to having certain papering done, and not to the repairing of the flooring where plaintiff received her injury.

■ The witness Stillman, member of the Stillman Realty Company, having testified for defendant of the handling by his firm of this and other real property for Adler and of collections of rents, including that of plaintiff, that the latter went into possession as subtenant in 1922 and remained in possession of the property after the expiration of the written lease, was asked, on cross-examination, how much rent he collected each month for Adler. It was stated to the court that the purpose of the cross-examination was to shed light upon the "bias and interest of the witness." The cross-examination on this point was so limited by the court. The witness answered, "around $1,200 or $1,400 per month." Then followed the further question of the amount of his commissions therefrom, to which the answer was "5 per cent." Timely objections were made to the two questions and exceptions reserved, the court stating or instructing that this evidence was for purposes or limited to that of "interest or bias." Defendant then moved for a continuance on the ground that the evidence was in the nature of prejudicial error and warranted a continuance. This motion was overruled and exception reserved by defendant to such action of the court.

The court, on defendant's motion, instructed the jury as follows:

"Now, we ask the court to instruct the jury that that testimony is not to be considered for any purpose, and that it is illegal, incompetent, and not—

"The Court: Well, I will so instruct the jury. Now, gentlemen of the jury, the court has admitted something here that, on reflection, I don't think it ought to have admitted and, so far as humanly possible, I want to eradicate that impression from your mind. I don't know how to do it, but I am telling you, with all the emphasis I know how to lay on it, that that is excluded, and you will exclude it from your minds as much as you can. Go ahead.

"Q. Mr. Stillman, you were collecting that rent for Mr. Adler at the time that you—these facts occurred to which you have testified in this case, weren't you? A. I was.

"Q. And you are still doing so? A. Yes, sir."

The court again instructed the jury in the oral charge as to this, that:

"I say to you, as strongly as the human language can put it, and as emphatically as I know how, that the question that I told you was ruled out, and that you should not consider, should not weigh whatever with you and be reflected in your verdict."

In the light of this action by the court, if there had been injury, it was eradicated. The cases cited by appellant are: Florence Co. v. Field, 104 Ala. 471, 16 So. 538, where the argument of counsel was an appeal to class and sectional prejudice. Metropolitan Co. v. Carter, 212 Ala. 212, 102 So. 130; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Wolffe v. Minnis, 74 Ala. 386; Watts v. Espy, 211 Ala. 502, 101 So. 106—were arguments making class prejudice. Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701, and Anderson v. State, 209 Ala. 36, 43, 95 So. 171, were of objectionable arguments of facts outside the evidence. See, also, Ala. F. & I. Co. v. Williams, 207 Ala. 99, 100, 91 So. 879, which also rested on argument of counsel.

In A. G. S. R. R. Co. v. Grauer, 212 Ala. 197, 200, 102 So. 125, and authorities, the improper remarks were withdrawn and the jury duly instructed. The remarks did not come within the class of ineradicable error, bias, or prejudice wrongfully introduced before the jury.

The instant matter urged as reversible error was a ruling of the court on admission of evidence that was duly and explicitly excluded at a later period with due instructions to the jury. We would not reverse for this action. It was cross-examination in the effort to elicit interest or bias of the witness. This cross-examination was competent, when the inquiry was limited for consideration of the jury to bias or interest. Ex parte State, In re Johnson v. State, 199 Ala. 255, 258, 74 So. 366, and authorities. In such inquiry a witness' social and business relations with the party, his intimacy or hostility, and such other circumstances as might reasonably create bias, prejudice, or hostility may be properly elicited for such limited purpose, for the consideration of the jury. 5 Jones on Ev. §§ 828, 901. As said by Mr. Wigmore:

" 'The range of external circumstances from which probable bias may be inferred is infinite. Too much refinement in analyzing their probable effect is out of place. Accurate concrete rules are almost impossible to formulate, and where possible are usually undesirable. In general, these circumstances should have some clearly apparent force, as tested by experience of human nature, or, as usually put, they should not be too remote.' " 2 Wigmore on Ev. 949.

The case of Stahmer v. State, 125 Ala. 72, 76, 27 So. 311, is an application and illustration of the rule in such matter of the wide latitude that may be extended in a due cross-examination, resting largely in the discretion of the court, not subject to abuse. Chandler v. Chandler, 204 Ala. 164, 166, 85 So. 558; Ala. F. & I. Co. v. Minyard, 205 Ala. 140, 88 So. 145; Jefferson v. Republic Co., 208 Ala. 143, 93 So. 890; Knowles v. Blue, 209 Ala. 27, 95 So. 481; Anderson v. State, 209 Ala. 36, 42, 95 So. 171; Riley v. State, 209 Ala. 505, 510, 96 So. 599; Ex parte Morrow, 210 Ala. 63, 97 So. 108; Boyett v. Bradley, 211 Ala. 370, 100 So. 647; Feore v. Trammel, 212 Ala. 325, 102 So. 529; Morris v. Corona Co., 215 Ala. 48, 109 So. 278; 4 A. L. R. 1049.

When the oral charge is considered as a whole, we find no reversible error to which exception was reserved.

[11] The refused charges have been respectively considered and they are found to be either abstract, erroneous, argumentative, or unduly single out phases of the evidence, or were not responsive to the pleading and evidence, and were properly refused.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. The prior or Carter lease of 1922, under which the Millers entered, expired with April 1, 1923. The injury occurred May 3, 1924. The Millers, having entered as subtenants under Carter, did not execute a new written lease when requested; yet they paid the rent monthly, and finally demanded that the floor or step in question be repaired, and this was agreed to, and it was upon such agreement that they remained in the premises for the succeeding months, and that in which Mrs. Miller sustained her injury.

The agreement to repair was made in March, or about the 1st of April, 1924, to Mrs. Miller and to her husband, they remaining as tenants, and plaintiff was injured on May 3, 1924, by reason of said defect in the flooring and failure to repair the same, as had been agreed by agent of the landlord, and said repair was the consideration on which the family remained in and continued to occupy the premises as their dwelling.

Is the question of a variance presented by the request and refusal of defendant's written charges 8 and 9? These charges are as follows:

"(8) If the plaintiff's husband, and not the plaintiff, was the defendant's tenant, you must find for the defendant.

"(9) The basis of this action is the breach of an agreement to make repairs in the rented premises, and if you believe from the evidence that only plaintiff's husband and defendant were parties to such agreement, then plaintiff cannot recover."

The complaint alleges, among other things, that:

"Plaintiff, while a tenant of the defendant, and as such tenant in the possession of house and lot, known as No. 524 North Sixteenth street, Birmingham, Alabama, the property of the defendant, was injured as follows: * * * Plaintiff avers said injuries were proximately caused by the negligence of the defendant, which negligence consisted in this: As a part of the contract of rental by which plaintiff rented said house, the defendant agreed to repair said house and remove said defective condition, which proximately caused said injuries," etc.

There was evidence tending to show said agreement to repair, before the expiration of the month of March or April, by the husband and by the plaintiff with defendant's agent, made by the plaintiff and by her husband, for extension of the contract beyond the original term, and of the continued occupancy on the additional consideration of the making of repair in question.

The trial court refused the foregoing written charges requested by defendant, and instructed the jury in the general charge as follows:

"If there be a covenant to repair in the lease, or there is a covenant to that effect to repair or contract to repair, then that begets a certain duty; that is to say, if he owes the duty, if the landlord by virtue of his contractual undertaking owes a duty to repair, that duty inures to the benefit, not only of the lessee himself, but all of the members of his family who reside with him on the premises, and that is a duty that is broad enough, if such be the case, to extend to the—not only to the lessee, but to the members of his family residing there, and the failure of which—to perform which, would give rise to a cause of action to some member of the family who was directly injured, as well as it might have given to the lessee himself were he, under such circumstances, injured."

Was there a variance presented by the evidence that was sufficiently raised by objection to the evidence and under these charges? Rule 34 (175 Ala. xxi) is:

"Rule 34. *Variance; Special Objection Making Point; General Charge.*—In all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, the trial court will not be put in error for admitting such proof unless there was a special objection making the point as to the variance. And the general objection that the same is illegal, irrelevant and immaterial, will not suffice. Nor will the trial court be put in error for refusing the general charge predicated upon such a variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence."

There was no specific objection to the evidence on this ground, that suggesting a variance; that is to say, on the trial and introduction of the evidence, the question of a variance was not brought to the attention of the

trial court by a proper objection to the evidence, as to whether the extension contract with the agent to repair was by the husband rather than with the wife, as alleged in her complaint.

It is unnecessary to cite all the cases under the rule to the effect that refusal of affirmative instruction for variance between the complaint and proof cannot work reversal, unless called to the court's attention as required by the rule, a special objection making the point as to variance, etc., by objection to the evidence. Seaboard Air Line R. Co. v. Johnson, 217 Ala. 251, 115 So. 168; Ritter v. Gibson, 217 Ala. 305, 116 So. 158; American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121. And if the effect of refused charges 8 and 9 be that of affirmative instructions requested by defendant on the ground or theory of a variance, the same was not sufficiently brought to the attention of the trial court by special objection making the point, or by a proper objection to the evidence, and at a time when the pleading and proof may have been so shaped as to duly meet or prevent a variance.

The question of the wife's right of recovery ex contractu for such injury under the facts averred and shown by the evidence, though the original and extended tenancy as a dwelling and home for the family and wife, as made by the husband, is presented by the afore-quoted part of the oral charge to which exception was reserved by defendant. In Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829, the rule of an action in tort touching "concealed defects" and "agreements to repair," as affecting the contracting tenant, is stated, and the observation is made:

"In the case at bar, however, some of the counts set up a covenant to repair when the lease was made and as a part of the consideration of same; but it seems from the great weight of authority that said covenant does not increase the liability of the landlord, or change the rule above set forth as to his liability in tort to the tenant, his family, servants, or guests, for injuries caused by virtue of defects in the rented premises. In other words, it seems settled by the weight of authority that the landlord is not liable in tort for injuries to said class, whether there be a covenant to repair or not, unless the defects existed at the time of the letting, were known to him, and which he concealed from the tenant."

See, also, Morgan v. Sheppard, 156 Ala. 403, 47 So. 147, and authorities contained in Gulf Electric Co. v. Fried, MS.

And the just and humane rule announced in Hart v. Coleman, 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213, declared or extended the right of action ex contractu in such a case to the tenant as affected by the obvious defect against which the tenant contracted for his own security, and, the writer thought, for that of the immediate family, etc., of the ten-

ant. It was for security to the tenant and his family, for which the contract was entered into, was in contemplation of the parties, and the consideration or a material part thereof for the continued or prolonged tenancy. The oral instruction makes no difference, as between the husband and wife, of the right of action ex contractu. If the husband contracted, it was for each member of the family. If the wife contracted, it was on her own behalf, and the security of the family. The writer cannot agree, in a case where there is no concealed defect, and there is a contract against defect, and there is no right of action in tort by a member of tenant's family, that the contract entered into for the purpose of security to the tenant and his family, that in an action ex contractu it only extended to the tenant, and not to his family. The reasoning employed in Hart v. Coleman, 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213, should be held to protect the tenant and made available to him of the action ex contractu, should extend that rule to members of his immediate family, for whose benefit and protection the contract was entered into with the landlord. This was within the contemplation of the parties, to protect any member of the family occupying the premises as a dwelling. Bird v. St. Paul F. & M. Ins. Co., 224 N. Y. 47, 120 N. E. 86, 13 A. L. R. 875, and Winter-Loeb Groc. Co. v. Boykin, 203 Ala. 187, 82 So. 437, are actions ex contractu and allowed to recover by the undisclosed principals. See, also, Vinson v. Southern Bell Tel. & Tel. Co., 188 Ala. 292, 66 So. 100, L. R. A. 1915C, 450.

The foregoing expresses the opinion of the writer and Justice BOULDIN. See, also, 36 Corpus Juris, 209.

 That the action and count on which trial was had is ex contractu is the judgment of Justices GARDNER, THOMAS, BOULDIN, and BROWN; that it is ex delicto (and so treated by the trial court throughout the trial) is the judgment of ANDERSON, C. J., and SAYRE and FOSTER, JJ.; that it does not state an action for tort and defendant should have the affirmative charge.

The majority indicated, on a further consideration of the count and demurrer thereto, are of opinion that it did not aver with sufficient certainty the contract or legal effect thereof; it should set forth the conditions on which the right of the action ex contractu for personal injury rests, as stated in Hart v. Coleman, supra.

 We are further of opinion that the rule of Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929, should not be applied to the disputed question of consideration for the renewed and extended tenancy, and the complaint is subject to the appropriate ground of demurrers, Nos. 7 and 8, challenging the same. The majority are further of opinion, in view of the

contradictory instructions contained in the general charge, and to which exceptions were reserved, that the case should be retried.

It results that the application for rehearing is granted, the judgment of affirmance is set aside, the judgment of the circuit court is reversed, and the cause remanded.

All the Justices concur in the result announced on rehearing, as hereinabove indicated.