1 So.2d 6

## J. R. WATKINS CO. v. McCARDLE.

### 4 Div. 190.

Supreme Court of Alabama.
March 20, 1941.

W. Perry Calhoun and Emmet S. Thigpen, both of Dothan, for appellant.

J. Hubert Farmer, of Dothan, for appellee.

FOSTER, Justice.

This is an action by appellant against appellee and Mrs. Jackson on their written contract of unconditional guaranty to plaintiff of the payment of a debt contracted by another, one Felix Jackson. There was a verdict and judgment in favor of both defendants. On plaintiff's motion it was set aside and a new trial granted as to Mrs. Jackson, but the motion was overruled as to McCardle.

The case was tried with a jury on plea No. 6, demurrer to which was overruled. While appellant assigns the ruling as error, there is no sufficient argument on the assignment to invite consideration. The plea is manifestly in good form, setting up fraud in procuring the execution of the contract by one Camp, as agent of plaintiff, acting in the line and scope of his employment, in that, in and about procuring its execution, he represented to them that the paper was nothing more than a recommendation that Jackson was honest and trustworthy. It contains other necessary allegations which need not be here mentioned.

On the trial, the court permitted Jackson to testify that Camp at the time he signed the instrument had possession of it, exhibited it to Jackson for signature and told him he was the agent for and represented plaintiff in signing the contracts of purchasers or salesmen. There was objection overruled and exception. On ˙ rebuttal, plaintiff introduced Camp as a witness who testified that he was field man for plaintiff at the time in question. He denied making any representations to defendants or that he procured their signatures or that he had ever seen them before the occasion

of the trial. Both defendants testified that Camp procured their signatures by representing that the instrument was only a recommendation, on which they relied and acted without reading it; and that they did not know its contents.

■ Under such circumstances, aided by the other. evidence, the declarations of Camp assuming to act as agent for plaintiff were admissible in evidence as a part of the res gestae, tending to establish the agency. Williamson v. Tyson, 105 Ala. 644, 17 So. 336; Warren Webster & Co. v. Zac Smith Stationery Co., 222 Ala. 41, 130 So. 545; Birmingham M. R. Co. v. Tennessee Coal, Iron & R. Co., 127 Ala. 137, 28 So. 679; Langham v. Jackson, 211 Ala. 416, 100 So. 757.

■ Where an alleged principal seeks to avail himself of the benefits of such a contract made for him by another, who was even a self-constituted agent, the principal is bound by the representations made and methods employed by him. Williamson v. Tyson, supra; Langham v. Jackson, supra; 16 Ala.Dig. 336, Principal and Agent ☞171(4).

There was no error to reverse here shown. There was ample evidence of the material features of plea 6 to submit it to the jury and to support their verdict against a motion for a new trial as being against the great weight of the evidence.

We do not think the other assignments of error need discussion by us. We do not find in them any sufficient reason to reverse.

Affirmed.

GARDNER, C. J., and THOMAS. and BROWN, JJ., concur.